PEOPLE *v.* RAY CLIFTON SMITH

1. TRIAL—JURY—READING TESTIMONY—DISCRETION.

Reading of trial testimony to a jury and the extent to which it is read is within the sound discretion of the trial court.

2. TRIAL—JURY—READING TESTIMONY—APPEAL AND ERROR.

Refusal of a trial court to read immaterial trial testimony to a jury after it has begun its deliberations is not error.

3. APPEAL AND ERROR—ISSUES FIRST RAISED ON APPEAL—CLEAR IN-JUSTICE.

The Court of Appeals will not entertain issues raised for the first time on appeal unless a clear injustice is demonstrated (GCR 1963, 516.2).

Appeal from Livingston, Michael Carland, J. Submitted Division 2 October 7, 1969, at Detroit. (Docket No. 3,817.)   Decided November 26, 1969.

Ray Clifton Smith was convicted of breaking and entering.   Defendant appeals.   Affirmed.

*Bert M. Hensick,* for defendant.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial §§ 937–939.
    Right to have reporter's notes read to jury.   50 ALR2d 176.
[3] 5 Am Jur 2d, Appeal and Error §§ 545, 548.

PER CURIAM. On March 9, 1967, defendant was convicted by a jury in the Livingston county circuit court of the offense of breaking and entering.*

Defendant asks if he may, on appeal, bring up for the first time a question of error in additional instructions given the jury during their deliberations.

The jury asked that testimony be read to them as to the amount of beer taken from the store and whether any was found in defendant's truck. The trial court answered:

"*The Court:* Members of the jury, two questions have been asked of me. Number one: does testimony establish amount of beer taken from store? Members of the jury, that is something for you to decide, and members of the jury, I wish to instruct you that it is not the amount of beer that was taken from the store; was any beer taken from the store. It has been established and conceded by both parties that there was a breaking and entering with the intent to steal, and that a larceny took place. Your question here is whether Mr. — whether the defendant was an accessory, not whether there was a breaking and entering. That has been established. Your second question, did Trooper Koenes testify that there was beer behind the seat in the truck cab? Members of the jury, that has nothing to do with this case, whether there was beer behind the seat in the truck cab or not. Did this man have anything to do with the breaking and entering, that is the issue before you to decide."

The reading of any testimony and the extent to which it is read is within the sound discretion of the trial court. *Klein* v. *Wagenheim* (1967), 379 Mich 558. The question before the jury in this case was whether defendant was an accomplice or an innocent bystander. The information asked by the jury was not material to this issue. Therefore, while refusal

---

* MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305).

to read material testimony may be error, in this case it is not.

This Court, in *People* v. *Jackson* (1969), 17 Mich App 675, stated that it would not entertain issues raised for the first time on appeal, unless a clear injustice is demonstrated. GCR 1963, 516.2; *People* v. *Omell* (1968), 15 Mich App 154; *People* v. *Keiswetter* (1967), 7 Mich App 334; *People* v. *Dexter* (1967), 6 Mich App 247; *People* v. *Willis* (1965), 1 Mich App 428. The record herein does not demonstrate such injustice.

Affirmed.