## PEOPLE v WATKINS

1. Criminal Law—Witnesses—Defenses—Alibi—Notice—Statutes.

    Alibi witnesses were properly precluded from testifying before the jury where the defense attorney had failed to file a timely notice of alibi defense as required by statute (MCLA 768.20).

2. Criminal Law—Defenses—Alibi—Notice—Evidence—Statutes.

    Testimony by a defendant as to his whereabouts, offered for the purpose of generally denying the charges against him, is not alibi testimony per se, and does not open the door to corroborating alibi witnesses where the defendant has not filed notice of an alibi defense (MCLA 768.20).

3. Criminal Law—Defenses—Alibi—Evidence.

    Testimony offered for the sole purpose of placing the defendant elsewhere than at the scene of the crime is alibi testimony, even if that testimony does not account for all of the defendant's time during the period in question.

4. Criminal Law—Alibi—Notice—Appeal and Error—Preserving Question.

    A defendant who challenges the constitutionality of a statute which requires notice of an alibi defense without provision for reciprocal discovery of the people's witnesses did not preserve the issue for appeal where he had not requested reciprocal discovery in the trial court nor made any objections to the proceedings at trial on the question (MCLA 768.20).

5. Criminal Law—Reporting of Crime—Investigation of Crime—Conversation with Suspect—Accusation.

    The reporting of a crime to the police will not ordinarily be

References for Points in Headnotes

[1–3] 21 Am Jur 2d, Criminal Law §§ 136, 137.

Constitutionality, construction, and effect of statutes requiring notice of prosecution of accused's intention to rely upon alibi as defense. 30 ALR2d 480.

[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq*.

[5] 41 Am Jur 2d, Indictments and Informations §§ 1, 2.

[6] 21 Am Jur 2d, Criminal Law § 314.

[7] 58 Am Jur 2d, New Trial § 160.

sufficient to transform any conversation with a possible suspect into an official accusation.

6. CRIMINAL LAW—EVIDENCE—INVESTIGATION—ACCUSATION—CONSTITUTIONAL LAW—MIRANDA RULE.

An investigation had not yet become accusatory where the police stopped a defendant and questioned him regarding the sale of guns, issued him a traffic citation, and noticed a button missing from his shirt; the shirt and the button, later found at the scene of the crime, were not products of a violation of the *Miranda* rule and were properly admitted into evidence.

7. TRIAL—MISTAKE—NEW TRIAL.

A new trial will be granted where a defendant asserts that a serious mistake by his attorney resulted in an unfair trial only when it appears that the new trial, wherein the mistake would not be repeated, will in all likelihood result in an acquittal.

Appeal from Kent, John T. Letts, J. Submitted Division 3 April 3, 1974, at Grand Rapids. (Docket No. 14270.) Decided August 12, 1974.

Leonard A. Watkins was convicted of breaking and entering an occupied dwelling. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *David A. Dodge,* Assistant Appellate Attorney, for the people.

*Roach, Twohey, Benson & Brady,* for defendant on appeal.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

T. M. BURNS, J. On February 29, 1972, defendant Leonard Allen Watkins was convicted by a jury of breaking and entering an occupied dwelling,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCLA 750.110; MSA 28.305. On April 12, 1972, he was sentenced to a term of 4-1/2 to 15 years in prison and now appeals as of right.

On September 17, 1971, sometime between the hours of 8:30 a.m. and 3:45 p.m., the Olin house was broken into and a television and four guns were taken. The co-owner of a furniture store testified at trial that the defendant offered to sell a television and some guns to him on September 17, at approximately 1:30 p.m., and that he purchased the television from defendant for $30. The owner of a gun shop testified that he purchased some guns from the defendant for $70 sometime during the afternoon of September 17, 1971.

A state trooper testified that after he received a call at about 2 p.m. on the 17th that a man was trying to sell a television and some guns, he proceeded to investigate and eventually stopped the defendant's automobile. The trooper asked defendant if he had been trying to sell some guns and a television, and defendant admitted that he had. The defendant was then taken to the patrol car, issued a traffic citation, and given the *Miranda* warnings.[1] While the trooper continued to question the defendant about the sale of the television and guns, the two were joined by a second trooper who observed that defendant was missing a button from his shirt. After they had proceeded to the State Police post, the officers received a call that a home had been broken into and that a television and guns had been taken. The description of the goods matched those sold by defendant, and he was arrested for receiving and concealing stolen property. After further investigation, the charge was changed to breaking and entering. A button

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

found at the scene of the crime was linked as the one missing from defendant's shirt and was subsequently admitted into evidence at trial.

Defendant did not deny that he sold the television and four guns. Instead he claimed that he had bought them from some winos for $27. Defense counsel also did not deny that the button in question was from defendant's shirt.

On the day of the trial, defense counsel made a motion to call certain alibi witnesses. These six witnesses testified out of the presence of the jury that they either were with defendant for a portion of the time period in question or verified other witnesses' testimony and the defendant's testimony that he was with them during the time he claimed. The witnesses' testimony did not cover all of the time period in question. The trial court ruled that the witnesses were alibi witnesses and that since defense counsel had failed to properly file a timely notice of alibi defense, these witnesses were precluded from testifying before the jury.

Defendant first contends that the prosecution waived its objection to testimony concerning defendant's alibi by permitting defendant himself to testify as to his alibi. Defendant argues that since the prosecution did not object to defendant's testimony as to his whereabouts on the day in question, the prosecution waived its right to exclude corroborative witnesses offered on behalf of the defendant.

We disagree. In *People v Crawford,* 16 Mich App 92, 95; 167 NW2d 814 (1969), in discussing the defense of alibi, this Court stated:

"The hard fact remains that despite the testimony of defendant when he took the stand, the defense of alibi was not properly pleaded (by filing of notice) and as such cannot be considered a part of the defense per se."

We interpret this language to mean that when a defendant takes the stand for the purpose of generally denying the charges against him, testimony with respect to his whereabouts is not considered alibi testimony per se and this does not open the door to corroborating alibi witnesses. Therefore, the prosecutor in this case did not waive his objection to the defendant's presentation of corroborating alibi witnesses.

Defendant next claims that the witnesses who were precluded from testifying before the jury by the trial court were not alibi witnesses because their testimony would not have accounted for all the time in question. Defendant's ingenious argument is that since these witnesses could not establish an airtight alibi for him, but could only state that he was at certain places for part of the time in question, they were not alibi witnesses.

With this argument, we are not impressed. It is true, as defendant claims, that the testimony in question did not account for all the defendant's time during the period in question and, therefore, failed to establish an alibi. However, this does not mean that it was not alibi testimony. The trial court correctly concluded that testimony offered for the sole purpose of placing the defendant elsewhere than at the scene of the crime is alibi testimony.[2] Such testimony would have no relevancy for any other purpose.

Relying upon *Wardius v Oregon,* 412 US 470, 93 S Ct 2208; 37 L Ed 2d 82 (1973), defendant argues that the lack of a provision for reciprocal discovery of the people's witnesses in the notice of alibi statute, MCLA 768.20; MSA 28.1043, renders that

---

[2] Black's Law Dictionary defines alibi, in the context of criminal law, as "elsewhere; in another place". Black's Law Dictionary (4th ed), p 95. See also *People v Mullane,* 256 Mich 54, 58; 239 NW 282, 283 (1931).

statute unconstitutional. Defendant's argument is not properly before this Court. Defense counsel failed to make such an argument before the trial court. Due to the fact that no request for reciprocal discovery was made in the trial court and since no objections were made to the proceedings in the trial court on this question of the constitutionality of the statute, we find that defendant has not properly preserved this issue for appellate review. See *People v Bennett,* 52 Mich App 742; 218 NW2d 407 (1974). Furthermore, "the record herein does not demonstrate * * * [a clear and manifest] injustice". *People v Ray Clifton Smith,* 20 Mich App 243, 245; 174 NW2d 22 (1969); *People v Bennett, supra.*[3]

Defendant next asserts that the shirt and button admitted into evidence at trial were products of a violation of the *Miranda* rule. As mentioned earlier, defendant was stopped by a state trooper and subsequently asked whether he had sold a television and some guns. After defendant admitted he had made such sales, he was taken to the patrol car and given a traffic citation and given the *Miranda* warnings. A second trooper arrived and noticed defendant's shirt button was missing, but it was only after the troopers and defendant had returned to the State Police post that the troopers learned that the Olin house had been broken into.

The basic question thus is whether at this time

[3] While *Raymond v District Court,* 14 Crim L Rptr 2291 (January 9, 1974), a Colorado opinion later withdrawn by the Colorado Supreme Court, 518 P2d 286 (1974), was the only reported state court opinion which had specifically followed *Wardius,* our Legislature has seen fit to amend the provisions of our statute, here challenged by defendant, to eliminate any question as to their constitutionality. 1974 PA 63, effective May 1, 1974, amends our statute to now provide for reciprocal discovery. It is clear that the present statute, as amended, complies with the mandate of *Wardius.* Therefore, it would be pointless for us to now consider the constitutionality of the former statute, where such consideration is not necessary to dispose of this case.

the investigation had become accusatory. If the investigation had reached that stage, the defendant was entitled to be advised of his constitutional rights. *Escobedo v Illinois,* 378 US 478; 84 S Ct 1758; 12 L Ed 2d 977 (1964); *Miranda v Arizona, supra.*

We are of the opinion that the questioning here was clearly investigatory. A crime had not yet been reported, and as we noted in *People v Gilbert,* 21 Mich App 442, 447; 175 NW2d 547, 549 (1970), even the reporting of a crime to the police will not ordinarily be sufficient to transform any conversation with a possible suspect into an official accusation. In this case the trooper was routinely following up a reported attempt to sell guns, an activity which in and of itself is not a crime. After the trooper's suspicion had been aroused and the defendant was in custody in the patrol car, the trooper gave the *Miranda* warnings to defendant before he asked any further questions. We find that there was no illegal police conduct and that the shirt and button were properly ruled admissible by the trial court.

Defendant finally asserts that the failure of defense counsel to file a timely and otherwise proper notice of alibi deprived him of the effective assistance of counsel.

Both the defendant and the people would have us apply the "sham" test set forth in *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), to the present case. However, that test is inapplicable since the defendant does not claim that he was represented by a bad lawyer, but instead alleges that a constitutionally adequate lawyer made a serious mistake.

The proper test to be applied where a mistake of

counsel is alleged was stated by this Court in *People v Tumpkin,* 49 Mich App 262, 264; 212 NW2d 38 (1973):

"Where a defendant asserts that a serious mistake on the part of the defense counsel resulted in an unfair trial, a new trial will only be granted when it appears that the new trial, wherein the mistake complained of would not be repeated, will in all likelihood result in an acquittal. *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969)."

In the present case, defense counsel filed an inadequate notice of alibi on the day of trial. The trial court refused the alibi defense and on a separate record determined that since defendant's proposed witnesses were alibi witnesses, their testimony was to be excluded. The separate record indicates that these six witnesses accounted for defendant's whereabouts only for a portion of the entire time period in question.

Under the circumstances of this case, it is readily apparent that defense counsel did make a serious mistake in not properly filing notice of an alibi defense. However, applying the above mentioned test to the facts of this case, we are convinced that at a new trial, even if these witnesses were permitted to testify, defendant would again be convicted, based upon the other evidence presented against him and the gaps in the alibi testimony. Therefore, we conclude that the defendant's conviction cannot be attributed to his trial counsel's mistake in failing to file a timely and otherwise proper notice of alibi and that a new trial would serve no useful purpose.

Affirmed.

All concurred.