PEOPLE v McGINNIS (ON REHEARING)

OPINION OF THE COURT

1. CRIMINAL LAW—DEFENDANT'S TESTIMONY—ALIBI TESTIMONY.

A defendant's testimony that he was someplace other than the scene of a crime at the time the crime was committed is not alibi testimony per se.

2. CRIMINAL LAW—ALIBI—DEFENDANT'S TESTIMONY—NOTICE OF ALIBI —INSTRUCTIONS TO JURY.

A defendant may give testimony to the effect that he was in a different place at the time of the commission of a crime without having filed a notice of an alibi defense; however, this rule should not be expanded to a rule of law that a defendant who gives uncorroborated, self-serving testimony about his whereabouts other than at the scene of the crime at the time of the commission of the crime is entitled to an instruction to the jury on alibi defense.

DISSENT BY R. M. MAHER, J.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI.

*An alibi instruction must be given to the jury, if requested, where there has been sufficient testimony regarding an alibi to raise an alibi defense.*

4. CRIMINAL LAW—EVIDENCE—ALIBI—ALIBI TESTIMONY.

*Alibi testimony is testimony offered for the sole purpose of placing a defendant elsewhere than at the scene of the crime.*

REFERENCES FOR POINTS IN HEADNOTES

[1, 8] 30 Am Jur 2d, Evidence §§ 1162, 1178.
[2] 29 Am Jur 2d, Evidence §§ 157, 440.
[3, 7] 75 Am Jur 2d, Trial §§ 729–731.
[4, 5] 21 Am Jur 2d, Criminal Law § 136.
    29 Am Jur 2d, Evidence § 440.
[6] 21 Am Jur 2d, Criminal Law § 137.
    Validity and construction of statute requiring defendant in criminal case to disclose matter as to alibi defense. 45 ALR3d 958.

5. CRIMINAL LAW—EVIDENCE—ALIBI—SPECIFIC TESTIMONY—WIT-
   NESSES—DEFENDANT'S TESTIMONY.

   *A defendant's general denial of charges against him does not
   constitute an alibi defense; however, if a defendant gives spe-
   cific testimony regarding his whereabouts other than at the
   scene of the crime at the time in question, it is alibi testimony
   the same as if another witness had given the testimony.*    .

6. CRIMINAL LAW—NOTICE OF ALIBI—WITHDRAWAL OF NOTICE—EVI-
   DENCE—WITNESSES.

   *Notice of an alibi is statutorily required for the protection of the
   public and the withdrawal of or the failure to give such notice
   precludes witnesses other than the defendant from giving alibi
   testimony.*

7. CRIMINAL LAW—EVIDENCE—ALIBI—INSTRUCTIONS TO JURY—NOTICE
   OF ALIBI.

   *A defendant's testimony regarding his whereabouts other than at
   the scene of the crime at the time of the commission of the
   crime entitled him to an alibi instruction to the jury even
   though his notice of alibi had been withdrawn.*

8. CRIMINAL LAW—DEFENSES—MISIDENTIFICATION—ALIBI.

   *The criminal defenses of misidentification and alibi are not
   mutually exclusive.*

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted February 11, 1977, at Detroit. (Docket No.
22997.) Decided June 20, 1977. Leave to appeal
applied for.

Leslie W. McGinnis was convicted of carnal
knowledge of a female over 16 and larceny in a
building. Defendant appealed. Reversed and re-
manded. The people's application for rehearing
granted. On rehearing the trial court is affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training and Appeals, and *Timothy A.
Baughman,* Assistant Prosecuting Attorney, for
the people.

*Kenneth Lerner,* Assistant State Appellate Defender, for defendant.

Before: M. J. Kelly, P. J., and J. H. Gillis and R. M. Maher, JJ.

On Rehearing

M. J. Kelly, P. J. Defendant was convicted by a jury of carnal knowledge of a female over 16, MCLA 750.520; MSA 28.788 (now repealed), and larceny in a building, MCLA 750.360; MSA 28.592. He was sentenced to serve 15 to 30 years in prison, and appeals as of right.

The complainant testified to the circumstances surrounding her rape which took place on January 21, 1974. She identified the defendant from three views of him. She said that he came to the door of her home and that before she opened it she peered through a window, then went to the door and saw him through the front glass, that after she opened the door and told him he had the wrong house he forced his way in and physically subdued her. After she had been assaulted and raped, a blindfold he had put on her slipped and she was able to see his profile again.

After the assailant left her home the complainant called the police. She gave a description of her attacker to the police, and also reported various items that were missing from the house.

The following day the complainant went to the police station and looked at photographs contained in "mug books". No identification was made. Sometime in March, the police received property belonging to complainant along with a photograph of defendant. Six hundred photographs were then taken to the complainant's home including the one

of the defendant. At this viewing, the complainant identified defendant as her attacker and again identified him at a showup with counsel present.

Defendant testified on his own behalf. He denied committing the offense, claiming that he had spent the day in question at a Clock Restaurant and Coney Island. He further stated that while at the restaurant he spoke with a waitress named Ms. Maranucci and offered to fix her car windshield.

Prior to trial, defendant filed notice of alibi listing Ms. Maranucci as an alibi witness. She was never called as a witness and the defense was withdrawn.[1] A half-hearted attempt to resurrect

---

[1] The colloquy taken from the transcript is as follows:

*"[Mr. Siegrist, defense counsel]:* What we are going to show is going toward alibi. I think it's been proven that somebody can't be two different places at once, so, at the same time, we will show where my client was; where this house was located in Garden City was some distance in miles.

"Again, this defense does not rise to the dignity of alibi; the alibi defense per se. We don't have a witness who'll say for sure.

*"The Court:* May I see the attorneys for a moment."

Whereupon the attorneys conferred with the court out of the hearing of the jury and without the discussion being transcribed. We pick it up later, when, after both sides had rested, the court was going over the requests to charge with counsel:

*"Mr. Siegrist:* We don't have a case of alibi here. In a way, the Court and the prosecutor brought to my attention that in a way we do, but I did withdraw the alibi defense under the mistake that if I didn't have an alibi witness per se, then I couldn't do it. I later found out that it was not necessarily so.

"The Prosecutor, in chambers has stipulated and agreed in going along the line of alibi. He certainly had a chance to examine the only witness, which was the Defendant.

*"Mr. McMahon* [assistant prosecutor]: I'm not going to object to that instruction unless the Court has an objection. It may be confusing because of the way that the case has been presented so far, but I'm not going to object.

*"The Court:* We don't have a defensive [sic] alibi. I realize the court has an obligation to give a correct charge and all I'm saying is that I'm not going to play.

*"Mr. Siegrist:* I don't understand. The client was someplace else that's why he didn't know about it. It's semantics.

*"The Court:* I don't think so. He either has an alibi defense or he doesn't have an alibi defense.

"You withdrew the defense of alibi.

the defense was made in later colloquy but the decision not to charge the jury on the defense of alibi was, at least arguably, consented to by defense counsel. Whether the issue was saved for review is doubtful; since the dissent says it was, we will discuss it.

Defendant's testimony was uncorroborated because trial counsel thought Ms. Maranucci would not help. He refused to put her on the stand because it was his judgment that she would have contradicted defendant's testimony, or at least been unable to corroborate it. The trial attorney's judgment was vindicated by appellate counsel when a motion for evidentiary hearing was withdrawn for the reason that:

"Appellant also wishes to withdraw his Motion to Remand for an Evidentiary Hearing on the issue of ineffective assistance of Appellant's counsel in failing to call the sole alibi witness at trial. Investigation done by the State Appellate Defender Office has revealed that the testimony which this witness could offer at a hearing would not substantiate Appellant's defense of alibi."

This trial took place in September of 1974. *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976), relied upon by appellant, was decided Janu-

---

"*Mr. Siegrist:* The Prosecutor said it wasn't necessary. I wonder what the Court thinks, the Court brought that to my attention when I was making my opening statement.

"*Mr. McMahon:* The assertion that he didn't do it, does not necessarily contend that he was somewhere else.

"A defense of alibi requires certain specific requisites, one of which is notice, a list of names of witnesses to be called, opportunity for the prosecution to interview those witnesses and any rebuttal witnesses.

"I understand that he was somewhere else, but it's not an alibi in the technical sense.

"*Mr. Siegrist:* If the Court feels that it was not a true alibi defense, then properly and [sic] instruction as to alibi would be [more] harmful than help in not confusing the Jury."

ary 29, 1976. In August of 1974 this Court released *People v Watkins,* 54 Mich App 576; 221 NW2d 437 (1974), which held that a defendant's testimony that he was someplace else is not alibi testimony per se.[2]

There is no question but that *Merritt, supra,* stands for the proposition that a defendant can give testimony to the effect that he was in a different place at the time of the commission of the crime without having filed an alibi notice. Why that should expand to a rule of law that a defendant who gives uncorroborated, self-serving testimony about his whereabouts is entitled to an alibi instruction or it constitutes reversible error is beyond us. The defendant is protected amply by the instructions concerning the presumption of innocence, the burden of proof beyond a reasonable doubt, the credibility of the witnesses and all other pertinent instructions. An alibi instruction repeating that "the people have the duty of proving beyond a reasonable doubt that the defendant committed the offense charged; the defendant has no burden of proving that he was someplace else", seems to us to be redundant. If *Merritt* stands for the proposition that every time a defendant gives uncorroborated testimony that he was not at the scene of the crime the jury must be instructed on alibi, we would hold that it states a new rule of law in Michigan. We would not hold it retroactive. We find any error harmless beyond a reasonable doubt on this issue. There was no manifest injustice.

Defendant raises several other issues which we have examined and find do not warrant discussion.

Affirmed.

---

[2] This case should be reviewed on the state of the law as it was at the time of the trial.

J. H. GILLIS, J., concurred.

R. M. MAHER, J. *(dissenting).* I must dissent. Defendant testified on his own behalf. He denied committing the offense claiming that he had spent the day in question at a Clock Restaurant and Coney Island. He further stated that while at the restaurant he spoke with a waitress named Ms. Maranucci and offered to fix her car windshield.

Prior to trial, defendant filed notice of alibi listing Ms. Maranucci as an alibi witness; she was never called as a witness.

During cross-examination the prosecutor questioned defendant concerning the failure to produce Ms. Maranucci and again commented during closing argument upon the nonproduction of defendant's alibi witness.

Although defense counsel admitted confusion about the legitimacy of an alibi defense, he submitted a request for an alibi instruction and argued alibi to the jury. The prosecutor stated that he had no objection to the requested instruction. The trial judge refused to give an alibi instruction being of the opinion that the defense had been withdrawn. Following the trial court's charge to the jury, defense counsel again objected to the failure to give the requested instruction.

Our Supreme Court has unequivocally stated that "if requested, an alibi instruction must be given". *People v Burden,* 395 Mich 462, 466; 236 NW2d 505 (1975), *People v Miller,* 250 Mich 72; 229 NW 475 (1930). There is no dispute that in this case a request was made. The question is whether a defendant's testimony alone may be sufficient to raise an alibi defense. If so, then the failure to give a requested alibi instruction was reversible error.

Alibi testimony has been defined as "testimony offered for the sole purpose of placing the defendant elsewhere than at the scene of the crime". *People v Watkins,* 54 Mich App 576, 580; 221 NW2d 437 (1974). See also, *People v Gillman,* 66 Mich App 419, 424; 239 NW2d 396 (1976). While a defendant's general denial of the charges against him does not constitute an alibi defense, *People v Watkins, supra,* if a defendant gives specific testimony regarding his whereabouts at the time in question, it is alibi testimony the same as if another witness had given the testimony, *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976).[1]

The rationale for requiring an alibi instruction is to make sure that the jury understands that the defendant does not have to prove an alibi. *People v Burden, supra,* at 467. Alibi has been characterized as a defense and also a rebuttal of the people's case.

"Thus, the 'defense' of alibi offers the defendant two separate avenues of relief. First, if the alibi is established, a perfect defense has been shown. Perhaps more importantly, if any reasonable doubt exists as to the presence of the defendant at the scene of the crime at the time the offense was committed (if such presence is necessary to commit the crime), the defendant must also be acquitted." *People v Burden, supra,* at 467.

The reasons for requiring an alibi instruction, especially when requested, do not change with the identity of the witness offering the testimony.

[1] *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976), involved the applicability of the preclusion sanction to testimony elicited from the defendant himself. The Court's analysis of the purpose and intent of the alibi notice statute assumes that defendant's testimony is alibi testimony; if not, the analysis would not have been required. The dissenting opinion in *Merritt* likewise includes testimony elicited from the defendant within the ambit of alibi testimony, for the thrust of that opinion is premised on that very notion.

Regardless whether a defendant says he was home sleeping, or his sister says that she was with him at the time of the crime, or he presents a charge slip signed by him in another state on the day in question, the purpose of the proffered evidence is the same—to place defendant elsewhere than at the scene thereby making it impossible for him to have committed the crime if presence is indeed necessary.

I recognize that at the time of trial in the present case the learned trial judge did not have the benefit of *People v Merritt, supra.* However, I do not feel that *Merritt* is new law. Defendant was entitled to an instruction on his theory of the case, which, as his testimony and argument to the jury clearly showed, was that he was elsewhere when the crime occurred.

I reject the argument that the instruction was unnecessary because counsel mentioned that the "defense" was withdrawn. Notice of an alibi is statutorily required for the protection of the public. *People v Merritt, supra.* Although failure to give notice may preclude others from giving alibi testimony, it does not preclude the defendant from testifying regarding his whereabouts at the time in question. The withdrawal of the "defense" here was the withdrawal of the notice thereby precluding third-party alibi testimony, not the defendant's.

Additionally, although defendant, technically, did withdraw his notice of alibi, the prosecutor questioned defendant and commented extensively on the failure to produce Ms. Maranucci. These questions and comments could have easily confused the jury as to the proper burden of proof thereby compounding the prejudice resulting from the failure to give the requested instruction. Al-

though on appeal the prosecutor argues that defendant's defense was misidentification, at trial *alibi* was the defense raised and attacked and was very much at issue in this case.[2] Accordingly, it was error to deny the requested instruction.

The conviction should be reversed and defendant given a new trial.

---

[2] Misidentification and alibi are not mutually exclusive. If a witness claims to have seen the defendant at the scene of the crime, and the defendant claims he was not there, the defendant is raising misidentification as a defense. If the defendant claims that he was not there but was in Ohio, then he is raising misidentification and alibi. If there is no positive identification, and he claims that he was in Ohio, then alibi is the defense.