James PAYNE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1284S483.

Supreme Court of Indiana.

July 17, 1986.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a jury trial, Defendant-Appellant James Payne was convicted of robbery, a class A felony, I.C. § 35–42–5–1. He was sentenced to a term of twenty (20) years imprisonment. The sole issue argued in this direct appeal is whether the trial court erred in refusing to allow defendant to present testimony supporting an alibi when notice of alibi was not filed on time.

We affirm.

The information and probable cause affidavit charging defendant with robbery was filed March 14, 1983, and alleged the specific date, place and victim of the robbery. The trial court eventually set December 26, 1983, as the omnibus date and June 27, 1984, as the date for trial. On June 12 the State filed notice it would call one Alexander "A.J." Washington, one of the accomplices, as a witness. Thereafter, on June 26, defendant filed notice of alibi defense. The trial court refused to allow defendant to present testimony from a witness to support the alibi defense. He claims error in this ruling. We disagree.

I.C. § 35–36–4–1 provides in pertinent part:

Whenever a defendant in a criminal case intends to offer in his defense evidence of alibi, the defendant shall, no later than:

(1) Twenty [20] days prior to the omnibus date if the defendant is charged with a felony ...

file with the court and serve upon the prosecuting attorney a written statement of his intention to offer such a defense. The notice must include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information.

I.C. § 35–36–4–3(b) further provides:

If at the trial it appears that the defendant has failed to file and serve an original statement of alibi in accordance with section 1 [35–36–4–1] of this chapter, and if the defendant does not show

good cause for his failure, then the court shall exclude evidence offered to establish an alibi.

Although the provisions of our notice of alibi statutes have periodically been amended and recodified commensurate with changes in our pretrial procedure, *compare* I.C. § 35–5–1–1, *et seq.* (Burns 1979 Repl.), *with* I.C. § 35–36–4–1, *et seq.* (Burns 1985 Repl.), the substance of the statutes has remained unchanged: if the defendant does not provide notice on time in accordance with the statute, without showing good cause for noncompliance, such evidence shall not be admitted at trial. *See, James v. State* (1980), 274 Ind. 304, 307, 411 N.E.2d 618, 621; *Mitchell v. State* (1979), 272 Ind. 369, 373–74, 398 N.E.2d 1254, 1257; *see also, Shelton v. State* (1972), 259 Ind. 559, 561–64, 290 N.E.2d 47, 48–50.

In the instant case defendant admits he did not file notice of alibi within 20 days of the omnibus date, but argues the State's naming Washington as a witness provided good cause, and therefore the trial court should have allowed the alibi witness to testify. Determination of good cause is a matter for the sound discretion of the trial court. In naming Washington as a witness the State did not in any respect change the material allegations regarding the charge, the date, the place, or the victim. Had defendant intended to claim he was not in the vicinity of the robbery, the State's naming Washington as a witness did not prevent him from doing so on time. We do not find any abuse of discretion in the trial court's failure to find good cause for failure to file timely notice of alibi.

We further note that although the trial court properly did not allow defendant's alibi witness to testify, it did allow defendant himself to testify he was at another location when the robbery occurred, although the court was not required to allow such testimony even from the defendant in the absence of proper notice. *Cf., James,* 274 Ind. at 307, 411 N.E.2d at 621 (although alibi witness's testimony properly not allowed, defendant himself was allowed

to give alibi testimony, though trial court properly could have excluded it).

We find no error. Judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, J., not participating.