Gary T. SEAY, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8708–CR–735.

Supreme Court of Indiana.

Oct. 6, 1988.

Terry A. White, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Dealing in a Schedule II Controlled Substance, a Class B felony, for which he received a sentence of twenty (20) years, and Dealing in Cocaine, a Class B felony, for which he received a sentence of twenty (20) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender. His sentences were ordered to run concurrently.

The facts are: In July of 1986, the Evansville Police Department was engaged in an undercover narcotics investigation. On July 17, Officer Below was driving through Evansville in an unmarked police car with informant Brad Hille, preparing to make a drug purchase.

While they were driving down Lincoln Avenue, appellant stopped them. He approached their car and began conversing with Hille, who was wearing a body transmitter. Hille asked appellant whether he had any "2s", meaning number 2 dilaudids. Appellant responded that he had one and he handed it to Hille. Hille paid him $30. Appellant said he had no more "2s" but told them to wait while he checked his supply for another.

Appellant left for a few minutes and returned with another number 2 dilaudid, for which Hille again paid him $30. After the sale was complete, Officer Below drove away.

On August 4, 1986, Below and Hille were driving on Lincoln Avenue when they heard someone yell to them. They stopped the car and appellant approached them and told them there were no pills. Hille asked appellant whether there was any "boy", meaning heroin, and appellant said no, but there was cocaine.

After Hille and Below indicated that they would be interested in some cocaine, appellant left for a short while, then returned. He handed Hille a slip of paper containing a white powder and told him to try some, which he did. Hille gave appellant $50 for

the powder. Appellant said he probably would have some pills in the morning, and they parted.

An Evansville Police Department chemist, Fredericka Laux, testified that the pills contained dilaudid, and the white powder contained cocaine.

Appellant argues the trial court erroneously allowed Laux to testify about her analysis of the substance he sold to police.

Laux testified that on the pills she performed a gas chromatography test, mass spectroscopy test, thin chromatography test, and an ultraviolet spectroscopy test. The amount of the drug in the pills was small, and during the testing, the pills were completely destroyed. Appellant argues that his due process rights were violated because the State failed to preserve evidence vital to the case.

The negligent destruction or withholding of material evidence by police or prosecution may present grounds for reversal. *Johnson v. State* (1985), Ind., 472 N.E.2d 892. Before appellant is entitled to reversal, he must affirmatively show that there was error prejudicial to his substantial rights. *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Appellant cites *Ortez v. State* (1975), 165 Ind.App. 678, 333 N.E.2d 838 and *Hale v. State* (1967), 248 Ind. 630, 230 N.E.2d 432 for the proposition that the destruction of the evidence denied him due process. In those cases, however, the evidence sought by the defense would have been exculpatory, thus the destruction was prejudicial. In appellant's case, he has not shown that the evidence sought by him would have been exculpatory or that his independent analysis of the drugs would have been exculpatory, nor did he produce evidence to contradict the findings of the State's expert.

■ When only a small quantity of evidence is possessed by the State which will be destroyed by chemical analysis, the defense is allowed to use the State's testing reports and probe the veracity of those reports. By weighing the importance of the destroyed evidence with other evidence of guilt adduced at trial, it can be deter-

mined whether defendant was unduly prejudiced in the preparation of his defense. *Everroad v. State* (1982), Ind., 442 N.E.2d 994; *Schwartz v. State* (1978), 177 Ind.App. 258, 379 N.E.2d 480.

■ Appellant was informed that the drugs had been exhausted by the testing procedures approximately three weeks before trial, but he did not request that the drugs be produced until the first day of trial. Further, at trial appellant cross-examined Laux about the testing procedures she used and those which were not used. We do not find that appellant has shown he was unduly prejudiced by the depletion of the drugs during the testing.

Appellant also argues the State failed in its duty to notify him of the time the tests would be conducted so that he or his experts could observe them. He cites no Indiana cases in support of his proposition that the lack of such notice denied him a fair trial.

Appellant cites *State v. Herrera* (1978), Fla.App., 365 So.2d 399 in which the court determined that, though it is not constitutionally mandated, the better practice would be for the State to delay the testing of minuscule quantities of drugs until the defendant had been given an opportunity to be present.

■ We do not agree with appellant that the lack of notice of the testing is reversible error. Appellant had every opportunity to scrutinize the State's testing procedures and probe the veracity of their results during cross-examination or with his own expert witness. It was the jury's duty to determine the credibility of the witnesses. We find that appellant was not unduly prejudiced by the lack of notice of the testing.

Appellant argues the trial court erred in admitting into evidence the transcripts of tape recordings of the drug buys. At trial each juror was given transcripts, then the recordings of the drug buys were played. Appellant contends that no proper foundation was made for the admission of the transcripts, and they were inaccurate and erroneously admitted at trial.

We held in *Bryan v. State* (1983), Ind., 450 N.E.2d 53 that a transcript should normally be used only after the defendant has had an opportunity to verify its accuracy and then only to assist the jury as it listens to the tape. If accuracy remains an issue, a foundation may first be laid by having the person who prepared the transcripts testify that he has listened to the recordings and accurately transcribed their contents. Further, the trial judge should carefully instruct the jury that differences in meaning may be caused by such factors as the inflection of a speaker's voice or inaccuracies in the transcript, and they should rely on what they hear rather than on what they read when there is a difference. *Id.* at 59.

Appellant claims the transcript was inaccurate concerning the amount of money paid for the drugs and the use of the term "boy" during the purchase. Appellant included the transcript in the record but did not include the tape recordings. To exercise his right to appeal, an appellant is required to present a complete record for the reviewing court. *Smith v. State* (1981), Ind., 422 N.E.2d 1179. Without the tapes, we have no way of reviewing the accuracy of the transcripts.

Also, we note that the trial judge twice admonished the jury that the transcript was given to them merely as a guide as they listened to the tape, and they must rely on what they hear on the tape rather than what they read in the transcript if there is a difference. They were told that the tape was the only evidence in the case, and the transcript was not evidence. Considering the admonishment, we find that appellant has failed to establish prejudice from the alleged inaccuracies in the transcript. *Bryan, supra.*

Appellant also complains that no foundation was laid for the admission of the transcripts. The preparer of the transcripts did not testify as to their accuracy. However, two police officers who performed surveillance of the drug buys monitored the conversations which were received through Hille's transmitter, and they listened to the tapes. They testified that the transcripts were essentially an accurate reflection of the recordings.

Because the two officers who were present during the recordings and who listened to the tapes to verify the contents of the transcriptions were available at trial for cross-examination, a foundation was laid. *Duncanson v. State* (1979), 181 Ind. App. 370, 391 N.E.2d 1157.

Also, the transcripts were merely cumulative of the testimony given at trial. Evidence admitted which is merely cumulative is not grounds for reversal. *Watkins v. State* (1984), Ind., 460 N.E.2d 514; *Bryan, supra.* We find no error in the admission of the transcripts.

Appellant argues the trial court erroneously denied his motion for mistrial. After the conclusion of all the evidence, appellant moved for a mistrial because the trial court had allowed testimony about State's Exhibits 3 and 4 when those exhibits were not admitted into evidence.

State's Exhibit 3 was a clear plastic bag with writing on it which had contained the two pills which were analyzed by Laux. State's Exhibit 4 was a clear plastic bag with writing on it which had contained a paper packet and cocaine. Testimony was given at trial about these exhibits to establish the chain of custody of the drugs and to describe the procedure the chemist used in removing the substances from the bags for testing. The exhibits were not formally admitted into evidence.

The granting of a mistrial lies within the sound discretion of the trial court and will be reversed only upon a showing of clear error. *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090. A mistrial is an extreme remedy and is warranted only where lesser curative measures will not suffice. *Wallace v. State* (1985), Ind., 486 N.E.2d 445.

We first note that much testimony was given at trial about Exhibits 3 and 4 to establish a chain of custody. However, appellant does not cite us to an objection, nor do we find one in the record, based upon the State's failure to introduce the exhibits into evidence. This Court has con-

sistently upheld convictions against the claimed erroneous admission of improper evidence where evidence of the same probative effect has been previously admitted without objection. *Simmons v. State* (1987), Ind., 506 N.E.2d 25.

The trial court has wide latitude ruling on the admissibility of evidence and determining its relevancy. *Smith v. State* (1984), Ind., 465 N.E.2d 702. Any fact which legitimately tends to connect a defendant with a crime is admissible when a reasonable inference may be deduced from such evidence. *Harris v. State* (1985), Ind., 480 N.E.2d 932.

■ The trial court properly allowed testimony about Exhibits 3 and 4 which laid a foundation to establish the chain of custody. We find no error.

■ Appellant also argues it was error to allow the prosecutor to comment about these exhibits because they were not in evidence. During closing argument, the prosecutor said that Laux had received the plastic bags in an untampered condition. The trial court overruled appellant's objection to the comment because there already had been testimony concerning the exhibits.

Appellant is correct in his assertion that reference in final argument to facts not in evidence is improper. *Hovis v. State* (1983), Ind., 455 N.E.2d 577. However, we do not find that the prosecutor's statement placed appellant in a position of grave peril to which he should not have been subjected. *Marsh v. State* (1979), 272 Ind. 178, 396 N.E.2d 883.

Appellant argues the trial court erroneously prevented him from presenting an alibi witness.

After the State rested its case and before the presentation of the evidence for the defense, appellant requested permission to present Patricia Hunter, his former girl friend, who would testify that appellant was with her at the time the drug sale occurred. Appellant stated that he was unaware of the content of her testimony until the day before trial. The trial court denied appellant's request to present Hunt-

er's testimony. Appellant believes the denial of her alibi testimony was an abuse of trial court discretion.

Appellant concedes that he did not comply with Ind.Code § 35–36–4–1 which mandates that whenever a defendant offers an alibi, he must file a notice of his intention to offer an alibi not later than twenty (20) days prior to the omnibus date. However, appellant contends that the alibi witness's decision to testify and her better recollection were a surprise to him, and he has shown good cause for his failure to file a notice of alibi; thus, the trial court should have allowed the testimony under Ind.Code § 35–36–4–3.

■ Whether a defendant has established good cause is a matter for the sound discretion of the trial court. *Payne v. State* (1986), Ind., 495 N.E.2d 183. Considering the fact that appellant had over five months to prepare for trial, yet waited until the State had concluded its presentation of the evidence to provide a notice of alibi, we find no abuse of the trial court's discretion.

Appellant claims the trial court erred when it denied his motion for mistrial. After the jury had begun to deliberate, they requested to rehear State's Exhibits 1 and 2, which were the tape recordings of the drug buys. Appellant objected to the replaying of the entire recording and argued that the court should locate the portion of the tape about which the jury had questions and play only that portion to the jury.

Indiana Code § 34–1–21–6 states that after the jury has retired for deliberation, if there is any disagreement between them as to any part of the testimony, they may request to return to court where the information shall be given to them in the presence of all the parties. Appellant argues that under this statute, the trial court should have replayed only the evidence in question and not the entire recording of the drug buys.

Appellant also asserts that his case parallels *Shaffer v. State* (1983), Ind., 449 N.E.2d 1074, in which we held it was reversible error to replay a three and one-half hour tape of all the testimony because in doing

so, the defendant was subjected to a retrial.

■ In appellant's case, the evidence presented at trial included testimony from approximately nine witnesses plus two tape recordings. Only the two recordings were replayed for the jury. Because the tapes constituted only a fraction of the evidence presented at trial, appellant's case does not parallel *Shaffer.*

In *Counceller v. State* (1984), Ind., 466 N.E.2d 456, we disagreed with appellant's allegation that the trial judge must determine on what part of the testimony the jury disagrees before it is replayed under Ind.Code § 34–1–21–6. We held there is little utility in determining whether the jury disagrees in one area of testimony or ten; the fact that there is a disagreement serious enough to warrant a request to have the testimony replayed is sufficient. *Id.* at 461.

We find the trial court correctly replayed the tapes under Ind.Code § 34–1–21–6 and did not err in the denial of appellant's motion for mistrial.

Appellant argues the trial court erroneously denied his motion for mistrial made when a police officer mentioned appellant's prior arrest.

During the habitual offender hearing, the prosecutor asked a police officer how he knew appellant. The officer responded that he arrested appellant at one time for disorderly conduct. Appellant moved for a mistrial and argued that the officer's testimony violated *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. The jury was admonished to disregard the officer's answer and it was ordered stricken from the record, then appellant's motion for mistrial was denied. He argues his motion should have been granted, and the trial court's admonishment was insufficient.

The granting of a mistrial when improper evidence of past crimes is admitted lies within the trial court's discretion. *Wallace, supra; English v. State* (1985), Ind., 485 N.E.2d 93. A prompt admonishment is presumed to cure error resulting from the admission of improper evidence. *Swaf-*

*ford v. State* (1986), Ind., 498 N.E.2d 1188.

■ At the time the officer commented about appellant's arrest for disorderly conduct, evidence already had been introduced establishing his two prior felony convictions. We agree with the State's position that any prejudice caused by the admission of his misdemeanor arrest was cured by the admonishment to the jury. The trial court did not err in denying appellant's motion for mistrial.

Appellant argues his motion for mistrial should have been granted during the habitual offender phase when the prosecutor commented on State's Exhibit 2.

State's Exhibit 2 consisted of an order book entry from the Vanderburgh Superior Court. Stated on the top portion of the document was: "Jury returns verdict of guilty to Count 1 and Count II to Assault and Battery with Intent to Kill as charged in the Information." The bottom of the document showed the verdict, which stated: "We, the Jury, find the defendant guilty of Assault and Battery with Intent to Kill as charged in Count I of the Information herein."

During final argument of the habitual offender phase, appellant pointed out to the jury that the verdict did not state that he was guilty of Count II Assault and Battery, and told the jury to find him not guilty if they believed the verdict form was inaccurate.

During the State's final argument, the prosecutor told the jury that his burden was to prove that appellant was convicted and sentenced for two prior unrelated felonies, then went on to say, "and the fact that there is not a second verdict on one here...." Appellant objected on the ground that the prosecutor was speculating on facts not in evidence and argued that he was assuming there was a second verdict on Count II. His motion for mistrial was overruled by the trial court.

Appellant contends that he suffered prejudice when the prosecutor attempted to speak about the verdict in the second

count, because the prosecutor spoke of facts not in evidence.

 During appellant's final argument, he made several references to State's Exhibit 2, and the fact that Count II was missing from the verdict form. The prosecutor's response was not prejudicial because it did not imply that he had information which was outside of the evidence heard by the jury. *Hensley v. State* (1986), Ind., 497 N.E.2d 1053. We find no error in the denial of his motion for mistrial.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.