**Michael V. MANNING, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 48A04–8904–CR–130.

Court of Appeals of Indiana, Fourth District.

July 24, 1990.

Rehearing Denied Sept. 26, 1990.

J. Richard Kiefer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Michael Manning (Manning) appeals his convictions for rape and confinement. IND.CODE 35–42–4–1(a); 35–43–3–3.

We affirm.

Manning presents four issues for our review. We consolidate and restate them as:

1. whether the trial court erred in excluding certain testimony from defense witnesses based on Manning's failure to file a notice of alibi;

2. whether there was prosecutorial misconduct which denied Manning a fair trial; and

3. whether the trial court erred in failing to find mitigating factors were present.

At approximately 11:30 p.m. on May 30, 1988, C.D. and J.S. were present in C.D.'s apartment when they heard a knock on the door. When they opened the door, they saw Manning who then asked if he could wait inside the apartment for his girlfriend to return to her apartment next door. C.D. refused Manning's request and shut the door. A short time later, Manning threw open the front door and entered with a tire jack in his hand. He told the women it was a robbery, and to remove their clothes or he would kill them. They complied. Over the next four hours, Manning raped J.S. and C.D. approximately 20 and 15 times, respectively. Additionally, Manning forced J.S. to masturbate him approximately ten times. Manning then left the apartment, but the women remained there until later in the morning when they reported the incident to the police.

Manning was charged with two counts of rape as class A felonies and two counts of confinement as class B felonies. Following jury trial, Manning was convicted of all four counts, and sentenced to two terms of 50 years each for each of the rape convictions and two terms of 20 years for each of the confinement convictions. The sentences were ordered to run consecutively for a cumulative sentence of 140 years. Manning appeals.

**I.**

Manning alleges the trial court erred by excluding testimony defense witness Stults would have given regarding Manning's whereabouts at the time these offenses were committed. During the trial, both C.D. and J.S. testified the offenses took place from midnight to 4:00 a.m. Manning admitted he was present in the victims' apartment during part of this time, however, he testified he was with C.D. and J.S. for only two hours. (R.1506). The defense sought to examine Stults about the time

Manning arrived home on the morning in question. The trial court held a hearing on the matter outside the presence of the jury, then ruled Stults's testimony as to Manning's whereabouts was inadmissible because it constituted alibi evidence and Manning had failed to file a notice of alibi pursuant to statute.

IC 35–36–4–1 provides, in pertinent part:

Sec. 1. Whenever a defendant in a criminal case intends to offer in his defense evidence of alibi, the defendant shall, no later than:

(1) twenty (20) days prior to the omnibus date if the defendant is charged with a felony; ...

file with the court and serve upon the prosecuting attorney a written statement of his intention to offer such a defense. The notice must include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information.

Thus, a defendant is required by statute to file a notice of alibi if he intends to present an alibi evidence at trial. If the defendant fails to do so without good cause, the court must exclude testimony establishing an alibi. IC 35–36–4–3(b) provides:

If at the trial it appears that the defendant has failed to file and serve an original statement of alibi in accordance with section 1 of this chapter, and if the defendant does not show good cause for his failure, then the court shall exclude evidence offered by the defendant to establish an alibi.

Unless good cause is demonstrated, the accused will be barred from introducing alibi evidence either personally or by supporting witnesses. *Riggs v. State* (1978), 268 Ind. 453, 376 N.E.2d 483. Where there is a showing of good cause for the defendant's failure to meeting the statute's requirements, however, the trial court may admit alibi evidence as a matter of discretion. *Seay v. State* (1988), Ind., 529 N.E.2d 106, 110; *Hartman v. State* (1978), 176 Ind.App. 375, 376 N.E.2d 100, 104. The defendant bears the burden of demonstrat-

ing good cause to put aside statutory requirements. *Hartman, supra.*

In criminal law, the term alibi means "elsewhere" or "in another place." Black's Law Dictionary 95, (rev. 4th ed.1968). It is a line of proof by which a defendant demonstrates that because he was not at the scene of the crime at the time of its commission, having been at another place at the time, he could not have committed the crime. 21 Am.Jur.2d *Criminal Law* § 192 (1968).

█ The question thus becomes whether a defendant is required to file a notice of alibi when he admits his presence at the scene of the offense during only a portion of the total time involved and denies he was present during the remainder thereof. This question turns on whether testimony as to the defendant's whereabouts during the time he claims to have been elsewhere constitutes alibi testimony. While this is a case of first impression in Indiana, other jurisdictions have considered this issue.

In *People v. Watkins* (1974), 54 Mich. App. 576, 221 N.W.2d 437, the Michigan Court of Appeals held such testimony was indeed alibi testimony. In arriving at this conclusion, the court stated:

Defendant next claims that the witnesses who were precluded from testifying before the jury by the trial court were not alibi witnesses because their testimony would not have accounted for all the time in question. Defendant's ingenious argument is that since these witnesses could not establish an airtight alibi for him, but could only state that he was certain places for part of the time in question, they were not alibi witnesses. With this argument, we are not impressed. It is true, as defendant claims, that the testimony in question did not account for all the defendant's time during the period in question and, therefore, failed to establish an alibi. However, this does not mean that it was not alibi testimony. The trial court correctly concluded that testimony offered for the sole purchase of placing that defendant elsewhere than at the scene of the crime is alibi testimony.

*Id.,* 221 N.W.2d at 440. Some, however, have held such testimony does not constitute alibi testimony. *See People v. Todaro* (1958), 14 Ill.2d 594, 153 N.E.2d 563; *State v. Nelson* (1981), S.D., 310 N.W.2d 777.

We agree with the *Watkins* court. We believe it apparent Stults's testimony would have placed Manning at a different place than at the scene of these offenses for part of the time they were being committed. Because of its content such evidence is alibi evidence and requires the filing of a notice of alibi as a prerequisite to its admissibility at trial. The trial court properly excluded Stults's alibi testimony.

■ Manning next maintains his failure to file a notice of alibi was due to a good faith belief the statute was inapplicable under the circumstances. At the hearing on the matter, defense counsel argued the evidence was not alibi evidence because Manning admitted his presence at C.D.'s apartment. Rather, he contended, the testimony was evidence which would contradict the testimony of C.D. and J.S., thus it was impeachment evidence and should be admitted. Manning thus maintains any error in failing to file a notice of alibi was made in good faith because he believed the testimony constituted impeachment, rather than alibi, testimony.

We disagree. First, as already determined, Stults's testimony would have constituted alibi evidence. Second, the determination of good cause is a matter within the sound discretion of the trial court. *Seay, supra.* We find no abuse of discretion in the trial judge's determination Manning's belief Stults's testimony constituted impeachment rather than alibi evidence was not good cause for waiving the alibi statute's notice requirements.

■ Manning also contends he was denied his constitutional right of confrontation because he was prevented from presenting impeachment evidence through Stults's testimony. Citing *Chambers v. Mississippi* (1973), 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297, Manning claims the exclusion of such impeachment evidence violated his Sixth Amendment right of confrontation. We do not agree, however. As already determined, Stults's testimony constituted alibi evidence, not impeachment testimony. Thus, there was no Sixth Amendment violation.

■ In a similar argument, Manning claims the notice of alibi requirement violates his Fifth Amendment right to remain silent. He points out the informations filed against him state the incidents occurred on May 30–31, 1988. He maintains a notice of alibi would require him to state his whereabouts during all forty-eight hours spanning those two days, including the period he acknowledges being at C.D.'s apartment. Thus, the notice requirement violates his right to remain silent. He posits that requirement forces him to relinquish one constitutional right (his Fifth Amendment right to remain silent) in order to exercise another (his Sixth Amendment right to confrontation).

We again find no merit in Manning's argument. IC 35-36-4-1 states the notice must include "specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information." Because Manning's alibi evidence would have included an admission he was present at the scene for part of the time in question, he of course faced the dilemma of taking advantage of Stults's alibi evidence by filing the required notice or remaining silent and relying on some other defense. He chose to remain silent and the statute denies him his alibi evidence. The statute's notice requirement does not violate Manning's due process rights. *Bowen v. State* (1975), 263 Ind. 558, 334 N.E.2d 691, 696.

Nor does it deny him his right against self-incrimination under the Fifth Amendment in these circumstances. It only provides if he wants to take advantage of alibi evidence he must file a notice thereof. If he chooses to incriminate himself by so filing, he does so voluntarily. The choice is his. We find no error here.

[This court has determined the issues raised and discussed in Sections II and III of this opinion do not contain material requiring publication under Ind. Appel-

late Rule 15(A)(2), and orders the same excised from its publication in the Northeastern Reporter System.]

Affirmed.

MILLER, P.J., and ROBERTSON, J., concur.