PEOPLE *v.* MILLER.

1. CRIMINAL LAW—ALIBI—FAILURE TO INSTRUCT ON ALIBI REVERSIBLE ERROR.
   In prosecution for illegally furnishing intoxicating liquors, where defense was *alibi*, failure of trial court to give requested instruction thereon, or lay before jury the nature of said defense and law applicable thereto, was reversible error.

2. SAME—ALIBI MAY SERVE TO RAISE REASONABLE DOUBT.
   *Alibi* may fail as substantive defense, and yet serve to raise reasonable doubt in minds of jury as to guilt of accused.

3. SAME—NOTICE OF ALIBI DEFENSE—WAIVER.
   Provisions of criminal code (Act No. 175, Pub. Acts 1927, chap. 8, §§ 20, 21) requiring notice to be given of proposed *alibi*, and, upon failure to give notice, permitting trial court, in its discretion, to exclude testimony in support thereof, was waived where said testimony was received on trial without objection, and therefore the point is not considered by Supreme Court.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 16, 1930. (Docket No. 133, Calendar No. 34,261.) Decided March 7, 1930.

Etta May Miller was convicted of illegally furnishing liquor. Reversed.

*Person & Marshall,* for appellant.

*Wilber M. Brucker,* Attorney General, *John W. Bird,* Prosecuting Attorney, and *Dan D. McCullough,* Assistant Prosecuting Attorney, for the people.

WIEST, C. J. Defendant was charged with, and, upon trial by jury, convicted of, furnishing two

pints of moonshine whisky to Emmet Clark and John Haynes. An information was then filed charging that it was her fourth conviction of a felony, and, upon trial of that issue by jury, it was so found, and she was sentenced to prison for life, under the provisions of the criminal code, Act No. 175, Pub. Acts 1927. Review is by writ of error. One error commands reversal of the principal conviction, and, as the other alleged errors are not likely to recur upon a new trial, and the conviction of a fourth felony falls with this reversal, we confine opinion to the one point.

The defense was *alibi.* Two police officers testified that they saw defendant hand two bottles to Clark and Haynes who were in an automobile in the driveway at the home of Matt Smith on Lathrop street, in the city of Lansing, the 3d day of October, 1928, at about four o'clock in the afternoon. Clark and Haynes were pursued by the officers, arrested, and produced as witnesses at the trial, but without much aid to the prosecution. Defendant resided on Lathrop street about a city block from Matt Smith's house, and she testified that she was home all the afternoon of October 3d, and in this she was supported by the testimony of her daughter-in-law and a man who was there waiting for defendant's son to come home from work. This *alibi* testimony was introduced without objection. The court was requested to instruct the jury:

"I further instruct you that it is the claim of the defendant, Etta Miller, that, at the time the people claim she was at the home of one Matt Smith, that she was then in her own home and not at the home of Matt Smith, and she has introduced testimony to substantiate her claim, and I instruct you that if you

believe this testimony your verdict must be not guilty, for it is evident that if the defendant in this case was at her own home at the time the people claim she was at the home of Matt Smith, she could not have committed this offense, and on this point I further instruct you that it is not the duty of Etta Miller to satisfy you and beyond a reasonable doubt that she was at her own home at that time. If this testimony raises in your mind a doubt as to her being at the home of Matt Smith, then your verdict must be not guilty."

The requested instruction was not given, nor was the substance or any idea thereof covered in the charge. The charge did not lay before the jury the nature of the defense and the law applicable thereto. The mentioned request should have been given, with the added word reasonable before the word doubt, or incorporated in substance in the charge.

What we said in *People* v. *Marvill,* 236 Mich. 595, upon the subject of *alibi* is applicable to the case at bar. We there said:

"Testimony in support of an *alibi* may accomplish no more than the raising of a reasonable doubt as to the sufficiency of the proofs connecting an accused with the crime alleged or render such proofs unsatisfactory. If the testimony relative to an *alibi* serves such purpose it creates a reasonable doubt as to the guilt of an accused. In other words, an *alibi* may fail as a substantive defense and yet serve to raise a reasonable doubt as to the guilt of an accused."

The prosecuting attorney invokes in this court the provisions of the criminal code, sections 20 and 21, chap. 8, Act No. 175, Pub. Acts 1927, requiring notice to be given of a proposed *alibi,* and, upon failure to give notice, permitting the court, in its discretion, to exclude the evidence. The point should have

been made at the trial, was not made, thereby waived, and will not be entertained here.

For the error pointed out, the conviction of furnishing the liquor is reversed, and a new trial granted, and the conviction of a fourth felony set aside and defendant is remanded to the custody of the sheriff of Ingham county to await further proceedings.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.