PEOPLE v McGINNIS

Docket No. 60043. Decided February 27, 1978. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's convictions and remanded for further proceedings.

Leslie W. McGinnis was convicted by a jury in Wayne Circuit Court, Theodore R. Bohn, J., of rape and larceny in a building. The defendant filed a notice of alibi and testified that he had been at two restaurants on the day in question; but he failed to call the witness named in his notice of alibi. The trial court refused defendant's request to instruct the jury on alibi on the ground that the defendant had withdrawn his alibi defense by failing to call the witness. The Court of Appeals, M. J. Kelly, P. J., and J. H. Gillis, J. (R. M. Maher, J., dissenting), on rehearing, affirmed the trial court (Docket No. 22997). Defendant applies for leave to appeal. *Held:*

1. If requested, an instruction to the jury on alibi must be given. Alibi testimony is offered for the sole purpose of placing the defendant elsewhere than at the scene of the crime. While a defendant's general denial of the charges against him does not constitute an alibi defense, if a defendant gives specific testimony regarding his whereabouts at the time in question, it is alibi testimony just as if another witness had given the testimony. Defendant was entitled to an instruction on his theory of the case, which, as his testimony and argument to the jury clearly showed, was that he was elsewhere when the crime occurred.

2. The argument that *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976), announced a new rule of law that should not be retroactively applied in the instant case implies that before *Merritt* a defendant would not have been permitted to testify to an alibi unless his own testimony was corroborated and that he was not entitled to an instruction on an alibi defense absent corroboration. Although no Michigan authority has been found for this rule, this may be because of the novelty of the intimation that the right to put in a defense, or to an instruction on a defense, depends on corroboration of the defendant's testimony.

The defendant's convictions are reversed and the case remanded for further proceedings.

76 Mich App 268; 256 NW2d 587 (1977) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Janet M. Tooley)* for defendant.

PER CURIAM. Defendant was convicted of rape and larceny. The Court of Appeals affirmed. *People v McGinnis (On Rehearing),* 76 Mich App 268; 256 NW2d 587 (1977).

Defendant testified on his own behalf. He denied committing the offenses, claiming that he had spent the day in question at a Clock restaurant and at a coney island. He further stated that while at the restaurant he spoke with a witness named Ms. Maranucci and offered to fix her car windshield.

Before trial, defendant filed notice of alibi listing Ms. Maranucci as an alibi witness; she was never called as a witness.

During cross-examination the prosecutor questioned defendant concerning the failure to produce Ms. Maranucci and again commented during closing argument upon the nonproduction of defendant's alibi witness.

Although defense counsel admitted confusion about the legitimacy of an alibi defense, he submitted a request for an alibi instruction and argued alibi to the jury. The prosecutor stated that he had no objection to the requested instruction.

The trial judge refused to give an alibi instruction, being of the opinion that the defense had been withdrawn. Following the trial court's charge to the jury, defense counsel again objected to the failure to give the requested instruction.

The issue in this case is not the issue in *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976), of whether a defendant who does not file a proper notice of alibi may be precluded from putting in an alibi defense through his own testimony.[1] McGinnis put in an alibi defense through his own testimony.

The issue here concerns entitlement to an instruction on alibi where there is alibi testimony.

We have unequivocally stated that "[i]f requested, an alibi instruction must be given". *People v Burden,* 395 Mich 462, 466; 236 NW2d 505 (1975); *People v Miller,* 250 Mich 72; 229 NW 475 (1930). There is no dispute that in this case a request was made.

In *Miller* the defendant introduced alibi testimony without objection. The trial court refused her request for an alibi instruction. This Court rejected the prosecutor's argument that because the alibi evidence might have been excluded because of defendant's failure to give notice of alibi the instruction need not be given.[2]

Alibi testimony has been defined as "testimony offered for the sole purpose of placing the defendant elsewhere than at the scene of the crime." *People v Watkins,* 54 Mich App 576, 580; 221 NW2d 437 (1974). See, also, *People v Gillman,* 66

---

[1] Even if McGinnis had failed to file proper notice of alibi, the judge could, in the exercise of discretion, have allowed alibi witnesses to testify. MCL 768.21; MSA 28.1044, before amendment by 1974 PA 63.

[2] This Court said: "The point should have been made at the trial, was not made, thereby waived, and will not be entertained here." *People v Miller,* 250 Mich 72, 74–75; 229 NW 475 (1930).

Mich App 419, 424; 239 NW2d 396 (1976). See, generally, 2 Underhill, Criminal Evidence (5th ed), §§ 440–445, pp 1110–1124. While a defendant's general denial of the charges against him does not constitute an alibi defense, *People v Watkins, supra,* if a defendant gives specific testimony regarding his whereabouts at the time in question, it is alibi testimony the same as if another witness had given the testimony, *People v Merritt, supra.*

Implicit in the retroactivity analysis of the Court of Appeals based on *Merritt, supra,* is that *Merritt* announced a new rule of law[3] that a defendant would be permitted to testify to an alibi although his own testimony was not corroborated and was entitled to an instruction on an alibi defense whether or not corroborated.

While we find no pre-*Merritt* Michigan authority recognizing the right of a defendant to put in an uncorroborated alibi defense and to an instruction, we think this is because of the novelty of the intimation that the right to put in a defense, or to an instruction on a defense, depends on corroboration of the defendant's testimony.[4]

It might, for the same reason, be difficult to find authority that a defendant may offer uncorroborated testimony and thereupon become entitled to an instruction on such defenses as self-defense, accident, mistake, duress, intoxication, consent, non-culpable intent, provocation mitigating murder to manslaughter, or law enforcement or other public duty. But undeniably such defenses can be

[3] Retroactivity analysis applies only to "new rules" of law. See *Desist v United States,* 394 US 244; 89 S Ct 1030; 22 L Ed 2d 248 (1969); reh den 395 US 931 (1969); Anno: *United States Supreme Court's Views as to Retroactive Effect of Its Own Decisions Announcing New Rules,* 22 L Ed 2d 821.

[4] Both the majority and dissenting opinions in *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976), proceed on the assumption that a defendant may testify to an alibi without corroborative evidence.

maintained solely on the defendant's testimony, and upon proffering such uncorroborated testimony the defendant would be entitled to an appropriate instruction. There is no basis for the intimation that until *Merritt* an uncorroborated alibi defense could not have been proffered or that an instruction was not required.

Defendant was entitled to an instruction on his theory of the case, which, as his testimony and argument to the jury clearly showed, was that he was elsewhere when the crime occurred.

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), the defendant's convictions are reversed and the cause is remanded for further proceedings.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.