PEOPLE v HEATWOLE

Docket No. 77-1565. Submitted February 22, 1978, at Detroit.—Decided June 5, 1978. Leave to appeal applied for.

Harold R. Heatwole was convicted of armed robbery in Wayne Circuit Court, Joseph A. Moynihan, Jr., J. Defendant had filed written requests for jury instructions asking the trial court to give the standard instruction on alibi. These requests were denied. On appeal, defendant claims error because of the failure to instruct the jury on alibi. *Held:*

A defendant's specific testimony regarding his whereabouts at the time a crime was committed is alibi testimony just as if another witness had given the testimony, and the defendant is entitled to an instruction on his theory of the case where his testimony and argument to the jury was an attempt to show that he was elsewhere when the crime occurred.

Reversed.

BEASLEY, P. J., dissents and would not set aside defendant's conviction for failure to give a requested alibi instruction because the instructions given clearly explained the prosecutor's burden of proof as to every element of the crime and his duty to identify defendant as the person who committed the crime beyond a reasonable doubt, and that the defendant was presumed innocent; the entire instructions lead to the conclusion that defendant had a fair trial.

OPINION OF THE COURT

1. CRIMINAL LAW—ALIBI—ALIBI DEFENSE—ALIBI TESTIMONY—INSTRUCTIONS TO JURY.

A defendant's general denial of the charges against him does not constitute an alibi defense, but if a defendant gives specific testimony regarding his whereabouts at the time in question, it is alibi testimony just as if another witness had given the

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 157.
30 Am Jur 2d, Evidence § 1178.
75 Am Jur 2d, Trial § 643.
[2] 75 Am Jur 2d, Trial § 734.

testimony; a defendant is entitled to an instruction on his theory of the case where his testimony and argument to the jury clearly showed that he was elsewhere when the crime occurred.

DISSENT BY BEASLEY, P. J.

2. CRIMINAL LAW—ALIBI—INSTRUCTIONS TO JURY—FAIR TRIAL—APPEAL AND ERROR.

*A guilty verdict should not be set aside for failure to give a requested alibi instruction where the jury was instructed that the prosecutor had the burden of proof to prove every element of the crime beyond a reasonable doubt, including the duty to identify defendant as the person who committed the crime, that the defendant was presumed to be innocent, and where a reading of the entire jury instruction leads to the conclusion that defendant had a fair trial.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Rita Chasting,* Assistant Prosecuting Attorney, for the people.

*Harvey, Kruse & Westen, P. C.* (by *Paul Hynes),* for defendant on appeal.

Before: BEASLEY, P. J., and BASHARA and D. C. RILEY, JJ.

BASHARA, J. The majority adopts the statement of facts of the dissent. I hold for reversal in the full knowledge that Judge BEASLEY's dissent is entirely logical and eminently sound.

However, unlike the dissent, we cannot differentiate the facts of the instant case from *People v McGinnis,* 402 Mich 343; 262 NW2d 669 (1978). Frankly, I respectfully question the rationale of *McGinnis.* Nonetheless, I feel bound to observe the command of our state's highest court.

Reversed and remanded for a new trial.

D. C. RILEY, J., concurs in the result reached by
Judge BASHARA.

BEASLEY, P. J. *(dissenting)*. I respectfully dissent.

Defendant was convicted by a jury of armed
robbery, MCL 750.529; MSA 28.797. Following sen-
tence to a term of not less than 7-1/2 nor more
than 15 years in prison, he appeals as of right.

On appeal, defendant raises one issue, claiming
error in not instructing the jury regarding alibi.

The record indicates that no notice of alibi
defense was filed on behalf of defendant. However,
on the day set for trial, counsel for defendant
advised the court that defendant instructed him to
request an adjournment for the purpose of seeking
alibi witnesses. The motion was denied.

Defendant filed written requests for jury instruc-
tions, asking the trial court to give "the standard
jury instruction on alibi". In addition, defendant
made a specific request for an instruction regard-
ing identification.

The only witness produced for the defense was
the defendant himself. The trial court gave the
identification instruction in full as requested, but
denied defendant's request for an alibi instruction.

The trial court's instruction was meticulous and
thorough and must be considered in its entirety.[1]

---

[1] *Lake Oakland Heights Park Ass'n v Waterford Twp,* 6 Mich App
29, 34; 148 NW2d 248 (1967):

" * * * Instructions to a jury must be considered as a whole, and
ample authority supports the proposition that an instruction which
contains objectionable portions does not constitute reversible error, so
long as it is adequate as a whole."

*King v Daly,* 2 Mich App 120, 126; 138 NW2d 548 (1965):

"The rule that appellate courts view a trial court's instructions as a
whole in determining their adequacy is a basic concept."

*Bauman v Grand Trunk Western R Co,* 18 Mich App 450, 453; 171
NW2d 468 (1969):

"We have reviewed the full charge given by the trial judge, and
taking it as a whole it adequately states the law applicable to this

The relevant portions, for purposes of this appeal, are as follows:

"One of the questions in this case, is the identification of the defendant who committed the crime. The People have the burden of proving beyond a reasonable doubt not only that the crime was committed but that the defendant was the person who committed it.

"In considering whether the People have proved,

litigation. Select portions of the jury's charge which are extracted from the entire charge, or removed from context, should not be subject to scrutiny in a vacuum."

In *Huffman v First Baptist Church of Flushing*, 355 Mich 437, 446; 94 NW2d 869 (1959), Justice JOHN D. VOELKER, speaking from the vantage point of long experience as a trial lawyer and with sensitivity to the way it is on the trial bench, laid it out in the following language:

"We are so often compelled to repeat this elementary proposition that we are moved to observe that it is probable that few trial judges, however experienced or learned, if given more time for meditation and research, would again give precisely the same jury instructions that they actually gave. Upon further reflection their instructions would doubtless be less halting and redundant, infinitely clearer and more cogent and more on target—much like the compelling jury arguments most lawyers make to their bedroom ceilings the night after the trial is over. It follows that the job of an appellate court in appraising jury instructions (usually given by the busy trial judge immediately following the tug and heat of the trial) is not to determine whether we would select his instructions as models of literary excellence and pearls of legal wisdom were we editing a form book on the subject; rather our role is mercifully more limited and our test less severe, namely: Did the instructions as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case? In other words, in the idiom of the day, we simply ask ourselves: Were the instructions understandable and did they give both sides a 'fair shake'?"

In *People v Dye*, 356 Mich 271, 279; 96 NW2d 788 (1959), Justice VOELKER made it clear that the rule applies equally to criminal cases, saying:

" * * * Jury instructions in a criminal case, however, as well as in civil cases, must be read in their entirety. So tested we find these instructions (which were carefully prepared with the cooperation of counsel on both sides and read to the jury), were quite adequate to the comparatively simple issues in the case."

More recent authority may be found in the following cases:

*People v Parsons*, 59 Mich App 79, 83; 228 NW2d 852 (1975), *People v Benevides*, 71 Mich App 168, 175–176; 247 NW2d 341 (1976), *People v Johnson (On Rehearing)*, 71 Mich App 602, 605; 248 NW2d 633 (1976).

beyond a reasonable doubt, that the defendant is the person who committed the offense, you should consider the following: The witness's opportunity to observe the criminal act and the person who committed it, including the length of time available for observation; whether the witness had occasion to see or know the defendant before the incident; the distance between the various parties; the light or lack of the light at the time; the witness's state of mind at the time of the offense; and other circumstances affecting the witness's opportunity to observe the person committing the offense. The identification made by the witness after the offense must be the product of their own, the witnesses's own memories. You may take into consideration the subsequent identification, the circumstances surrounding the identification, the certainty or lack of certainty present by the witnesses, the state of mind that the witness had at the time, and any other circumstances bearing on the reliability of the identification.

"You may also consider the length of time that elapsed between the occurrence of the crime and the time the witness saw the defendant. That has a fact bearing on the reliability of the identification.

"You may take into account any occasion with which the witness failed to make an identification of a defendant or made an identification that was inconsistent with his or her identification at trial, and any other circumstances that you find—which you find affect the identification.

"Now, here in this case, the defendant has a right to take the witness stand and become a witness in his own behalf.

"It is your duty to consider his testimony by the same standards as you would consider the testimony of any other witness who has appeared on this stand. You, as I have said, are the sole judges of the facts in this case and you must determine which witnesses you will believe and what weight you will give to their testimony."

\* \* \*

"The defendant's theory of the case is one of—he says that he was not there, did not rob the parties and that this is a case of mistaken identity."

For decades, the oft-given and nearly always approved standard jury instructions regarding alibi were the five different, separate forms of alibi instruction contained in Gillespie.[2] These five separate forms of alibi instruction afforded to the trial judge discretion as to which form appeared appropriate under the facts and circumstances of a particular case. In recent years, certain of the Gillespie alibi instructions have come under severe criticism in the Supreme Court, culminating in *People v McCoy*, 392 Mich 231; 220 NW2d 456 (1974). More recently, in *People v McGinnis*, 402 Mich 343; 262 NW2d 669 (1978), the Supreme Court took a further step toward tilting the balance to the defense with respect to instructions regarding alibi by finding that an alibi instruction was in order where a defendant testified that he did not commit the crime and was not there, even though there was no other evidence of so-called alibi nor even a notice of alibi. The proposed Standard Michigan Criminal Jury Instructions set forth an alibi instruction as follows:

"(1) Evidence has been introduced that the defendant was at another place at the time of the crime charged here and, therefore, that he could not have committed that crime.

"(2) The prosecution has the duty of proving beyond a reasonable doubt that the defendant committed the offense charged. The defendant has no burden of proving that he was someplace else.

"(3) You, alone, are the determiners of the facts in this case, and you are to make that determination from all of the facts and circumstances shown by the evidence.

"(4) If you have a reasonable doubt whether the defendant was present at the time and place of the

2 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 906, pp 1211–1213.

crime charged, then you must find him not guilty." CJI 7:2:01.

Presumably, when defense counsel requested a standard instruction regarding alibi, he had reference to the above quoted proposed Standard Michigan Criminal Jury Instructions. Thus, in this case, the issue boils down to whether or not it was error for the trial judge not to give the defense tilted portion of the alibi instruction which reads:

"Further, if the evidence establishes that the defendant was at another place and could not have committed the crime, this is a *perfect* defense and you must find the defendant not guilty." (Emphasis added.) CJI 7:2:02.[3]

My reading of the trial court's instructions to the jury indicates that in no way was any question cast upon the prosecutor's burden to prove every element of the crime with which defendant was charged beyond a reasonable doubt, including the alleged fact that defendant was present when the armed robbery occurred. Thus, decision in this case hinges squarely on *McGinnis.*

In both *McGinnis* and the within case, the defendant requested an alibi instruction and argued alibi to the jury. In *McGinnis,* the prosecutor had no objection to giving an alibi instruction; in the within case, the prosecutor objected to an alibi instruction. In *McGinnis,* the defense named an alleged alibi witness, but she was not called; in the within case, on the day of trial, the defendant

---

[3] This quoted proposed standard jury instruction is an artfully drawn, defense oriented, comment on the evidence. A petit jury hearing that instruction is likely to come away believing the trial judge is trying to tell them something; namely, that the "perfect defense" of alibi deserves their special consideration.

required his attorney to seek an adjournment to seek to find unnamed, unlocated, alleged alibi witnesses. In *McGinnis,* counsel for defendant objected to the failure of the trial judge to give an alibi instruction; in the within case, defense counsel did not object to the lack of an alibi instruction, saying:

"MR. SUROWIEC: My comments, your Honor, were, with the exception of my requested instruction on identification, I was satisfied."

In *McGinnis,* the trial court did not instruct as to defendant's theory of defense; in the within case, the trial court instructed regarding defendant's theory of defense as follows:

"The defendant's theory of the case is one of—he says that he was not there, did not rob the parties and that this is a case of mistaken identity."

Thus, the narrow issue here is, under the circumstances of this case, does the *McGinnis* rule require setting aside the jury verdict and remanding for a new trial.

I do not believe such a result is required; my reading of the entire jury instruction leads me to conclude that defendant had a fair trial.

As distinguished from *McGinnis,* this instruction repeated the requirement that the prosecutor had the burden of proof to prove every element of the crime beyond a reasonable doubt, that defendant was presumed to be innocent, and that the prosecutor had the duty to identify the defendant as the person who committed the robbery beyond a reasonable doubt.

I would affirm defendant's conviction.