PEOPLE v MOTT

Docket No. 75091. Submitted November 19, 1984, at Detroit.—Decided
     January 23, 1985.

   Defendant, Sylvester Mott, was charged in the Recorder's Court
      for the City of Detroit with first-degree murder. The charge
      arose as a result of the fatal beating of a three-year-old girl. A
      jury convicted him of second-degree murder and the trial court,
      Leonard Townsend, J., sentenced him to from 75 to 150 years
      imprisonment. Defendant appeals. *Held:*

      1. In cases involving an assaultive crime, where the defen-
      dant and the victim must be together at the time of the crime
      and where there is evidence that the defendant did assault the
      victim, it is not an alibi to claim that defendant was with the
      victim elsewhere at the time that witnesses say the crime was
      committed. The testimony of the defense witnesses did not,
      therefore, constitute an alibi in this case. Since no alibi defense
      was raised, the trial court correctly refused defendant's request
      to issue jury instructions regarding alibi testimony.

      2. Since there was no alibi defense, defendant was not denied
      effective assistance of counel by his attorney's failure to file a
      notice of alibi defense before trial. There was no prejudice to
      the defendant since the witnesses who were to give what
      defendant now claims to have been alibi testimony did, in fact,
      testify.

      Affirmed.

1. CRIMINAL LAW — EVIDENCE — DEFENSES — ALIBI.
      Alibi testimony is testimony offered for the purpose of placing the
      defendant elsewhere than at the scene of the crime.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 192.
     29 Am Jur 2d, Evidence § 440.
     30 Am Jur 2d, Evidence §§ 1162, 1178.
[2] 21 Am Jur 2d, Criminal Law § 200.
     75 Am Jur 2d, Trial §§ 729, 730.
     Duty of court, in absence of specific request, to instruct on subject
        of alibi. 72 ALR3d 547.
     Validity and construction of statute requiring defendant in criminal
        case to disclose matter as to alibi defense. 45 ALR3d 958.
[3] 6 Am Jur 2d, Assault and Battery § 59.

2. Criminal Law — Jury Instructions — Defenses — Alibi.

A trial court correctly refuses to issue jury instructions regarding alibi testimony where no alibi defense is raised.

3. Criminal Law — Defenses — Alibi — Assaultive Crimes.

It is not an alibi in a case involving an assaultive crime to claim that the defendant was with the victim elsewhere at the time that witnesses say the crime was committed where the defendant and the victim must be together at the time of the crime and where there is evidence that the defendant did assault the victim.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Martin W. Bordoley,* for defendant on appeal.

Before: T. M. Burns, P.J., and Shepherd and M. Warshawsky,* JJ.

Shepherd, J. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548. The jury convicted him of second-degree murder, MCL 750.317; MSA 28.549. The trial court sentenced him to from 75 to 150 years imprisonment. Defendant appeals as of right. We affirm.

The case arose from the fatal beating of a three-year-old girl. The victim was the daughter of a female acquaintance of the accused. Although the victim's body was covered with numerous abrasions, she died from multiple blows to her head. According to the forensic examiner, there is "no chance" that the fatal injuries resulted from accident or inadvertence.

The victim was being raised by her maternal grandmother. The child's mother had moved from

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

the grandmother's home to share an apartment with defendant. On June 1, 1983, the grandmother left the child at her daughter's flat. She planned to pick up the child on her way home from work. However, her daughter called her later that morning and told her that defendant wanted to watch the child so he could "get to know [her]'".

The next day, the grandmother called her daughter and told her to wake the child so that the grandmother's friend could pick her up and take her home. Shortly thereafter, the daughter called and told the grandmother that she was unable to wake up the child and that the child's face was swollen.

The child's mother testified that on June 1, 1983, she left for work at about 2 p.m., leaving the child with defendant. She telephoned defendant at approximately 3:50 p.m., but he did not answer. However, she contacted defendant at his mother's home. When she returned home that night, she noticed that her daughter's skin was peeling. The next morning, she noticed marks on the child's back and decided to take her to the hospital.

The prosecution called two witnesses who lived downstairs from defendant and the child's mother. The first of these witnesses recalled observing defendant at home "sometime" on the afternoon of June 1, 1983. Between 5 and 7 p.m. she heard a baby screaming and defendant "hollering at [the child], telling her to be quiet". During the two-hour period, she also heard "a bump noise" as if someone was being thrown against a wall or floor. A radio played loudly during this time. The following day she drove the mother, defendant and the child to the hospital.

The second witness who lived downstairs testified that on about three occasions, while the mother was not at home, he had heard the child

screaming and defendant telling her to "shut up". He always heard running water in association with the child's screams. On June 1, 1983, he heard screaming between 3 and 4 p.m.

A defense witness testified that at about 4:30 p.m. on June 1, he was with defendant and the child near the home of defendant's mother. The witness had a recent conviction for breaking and entering with intent to commit larceny. Defendant's mother testified that defendant and the child arrived at her house between 3:30 and 4 p.m. He left at approximately 5 p.m., but returned one hour later. He eventually left with the child at approximately 7:30 p.m. The child was uninjured when they left.

The trial court refused defendant's request to issue jury instructions regarding alibi testimony, concluding that the defense witnesses' testimony did not constitute an alibi. Defendant asserts that the court's decision not to give alibi instructions was error. We disagree.

Alibi testimony is testimony offered for the purpose of placing defendant elsewhere than at the scene of the crime. *People v McGinnis,* 402 Mich 343, 345; 262 NW2d 669 (1978); *People v Watkins,* 54 Mich App 576, 580; 221 NW2d 437 (1974). The defense witnesses testified that defendant was at his mother's home during the time when the neighbors downstairs recalled hearing noises. Nevertheless, the defense witnesses did not give what can truly be termed alibi testimony, since each of them stated that the victim was with the accused. Moreover, according to defendant's mother, the child was uninjured when she departed with defendant. The charged offense was a repeated bludgeoning of the child, resulting in her death. The defense witnesses did not give any testimony that placed defendant away from the child when the offense was committed. Hence, it did not serve to

counter any of the proofs connecting defendant with the crime. *People v Marvill,* 236 Mich 595, 597; 211 NW 23 (1926). We conclude that the defense witnesses' testimony showed only that the neighbors were confused or mistaken as to the time when they heard noises coming from the apartment. In actuality, the so-called "alibi" made it even more unlikely that anyone other than defendant was the perpetrator. If we accept the testimony as true, the victim was with defendant throughout the time in question, and was in relatively good health when they left the area of the defendant's mother's home. Hence, no one else could have committed the crime during those several hours. Since no alibi defense was raised, the trial court correctly refused to issue alibi instructions. *People v Burden,* 395 Mich 462; 236 NW2d 505 (1975). Thus, we hold that in cases involving an assaultive crime where the defendant and the victim must be together at the time of the crime, and where there is evidence that defendant did assault the victim, it is not an alibi to claim that defendant was with the victim elsewhere at a time when witnesses say that the crime was committed. As indicated, the so-called alibi testimony shows nothing more than confusion as to the precise time of the offense.

Defendant claims that he was denied effective assistance of counsel by his attorney's failure to file a notice of alibi defense before trial. MCL 768.20(1); MSA 28.1043(1). This contention is lacking in merit. As noted above, there was no alibi defense. Additionally, the witnesses who were to give what defendant now claims to have been alibi testimony did, in fact, testify. The trial court did not apply the preclusion sanction contained in MCL 768.21; MSA 28.1044. Thus, there is no possibility of prejudice to defendant.

Affirmed.