# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIAM EDWARD DENNIS,

        Defendant-Appellant.

UNPUBLISHED
August 20, 2015

No. 321191
Wayne Circuit Court
LC No. 13-009869-FC

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions for rape and sexual assault. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Defendant sexually assaulted and raped his niece from 2001 to 2003, when his niece was under 16 years old. The victim did not report defendant's abuse at the time because she feared him, but she contacted the police and informed them of the molestation in 2012. The prosecution subsequently charged defendant with two counts of first-degree criminal sexual conduct (CSC I), pursuant to MCL 750.520b(1)(b), and one count of third-degree criminal sexual conduct (CSC III), pursuant to MCL 750.520d(1). Defendant opted to have a jury trial, which was held in the Wayne Circuit Court.

At trial, the jury heard testimony from, among others: the victim, her brother, her cousin,[1] and defendant himself. The victim told the jury that defendant molested her at her grandmother's house multiple times over a period of years, and that the molestation followed a pattern. Defendant would provide alcohol and marijuana to her, her brother, and her cousin, and thereafter would sexually assault her. On at least one occasion, defendant put his penis in her mouth and raped her.

---

[1] The victim's cousin is defendant's daughter.

-1-

The victim's brother and cousin largely corroborated the victim's testimony. Both explained that defendant gave them alcohol and drugs, and that they witnessed defendant behaving suspiciously around the victim.[2] The victim's cousin also stated that defendant told her he had extensive sexual contact with the victim, but he defended his conduct by stating that: (1) the victim was supposedly 17 at the time; and (2) "I was drunk, she was drunk, [and] she was taking her clothes off."

Defendant testified on his own behalf and denied that he had any sexual contact with the victim. He also asserted that he never supplied alcohol or marijuana to the victim, her brother, or her cousin. Defendant further implied that he could not have committed the alleged molestation because his work schedule at the time required him to be away from his mother's house during most evenings.

At the conclusion of this witness testimony, the jury convicted defendant of the above charges. On appeal, defendant claims that his trial attorney gave him ineffective assistance because the attorney purportedly did not: (1) present an alibi defense; (2) properly cross-examine and impeach the victim's cousin[3]; and (3) argue that the CSC III charges were barred by the statute of limitations.[4]

## II. STANDARD OF REVIEW

"[W]hether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012) (citation omitted). Because the trial court did not conduct a hearing to develop the record on this issue for

---

[2] Specifically, the victim's cousin said that she witnessed defendant "masturbating at the end of [his] bed while [the victim] was laying with her butt in the air on his bed." The victim's brother recalled an incident where the victim had been sitting in defendant's bed with defendant, while the victim was not wearing underwear.

[3] Defendant's contentions on this score are frivolous and based on distortions of the record. Again, the victim's cousin is defendant's daughter. Though he avers that there were inconsistencies between his daughter's statements to the police and her trial testimony, defendant has failed to cite any evidence that such inconsistencies exist. Equally without merit is defendant's argument that his attorney should have "addressed" the victim's testimony that his daughter witnessed him molesting the victim. This assertion misconstrues the victim's testimony, which merely stated that defendant's daughter was in the same house at the time of the molestation.

[4] In connection with this argument, defendant wrongly claims that the statute of limitations actually barred his conviction for CSC III. In any event, defendant waived the statute of limitations as an affirmative defense because he did not assert such a defense before or during trial. See *People v Everard*, 225 Mich App 455, 461-62; 571 NW2d 536 (1997) ("[a] statute of limitations defense is a waivable affirmative defense in both civil and criminal cases").

-2-

appeal,[5] our review of defendant's claim of ineffective assistance of counsel is limited to errors apparent on the record. *People v Buie (On Second Remand)*, 298 Mich App 50, 61; 825 NW2d 361 (2012).

## III. ANALYSIS

Effective assistance of counsel is presumed and "the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). To assert a valid claim of ineffective assistance, "a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms[,] (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different," and (3) the ultimate result was "fundamentally unfair or unreliable." *Id*. The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004). Counsel's trial strategy is presumed to be effective,[6] and counsel cannot be held ineffective for failure to advance a meritless argument or raise a futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## A. "ALIBI" DEFENSE

Defendant unconvincingly claims evidence that he supposedly lived in Pennsylvania until November 2001 constitutes an "alibi" defense to the charges, which his counsel should have advanced at trial. But the victim testified that defendant first sexually assaulted her *sometime* during 2001—i.e., possibly in November or December 2001—and defendant admitted at trial that he lived in Michigan from November 2001 through 2003, the timespan when the assaults took place.

Accordingly, defendant's purported residence in Pennsylvania for part of 2001 is not an alibi at all, because he was living in Michigan at a time when the crimes occurred. See *People v McGinnis*, 402 Mich 343, 345; 262 NW2d 669 (1978). The decision of defendant's attorney to not raise this meritless argument was therefore sensible, and did not constitute ineffective assistance. *Ericksen*, 288 Mich App at 201.[7]

---

[5] See *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973). Defendant preserved this issue for appeal when he moved for a new trial, on the basis of ineffective assistance of counsel, at his sentencing hearing. (The trial court denied his motion.)

[6] *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

[7] Likewise, defense counsel's decision to not impeach the victim's cousin (again, defendant's daughter) about her testimony on her residency in Pennsylvania was sensible and not ineffective. On direct examination, defendant's daughter stated that she lived in Pennsylvania with defendant around 2002 or 2003. Leaving aside the fact that defendant's own testimony placed him in Michigan at the time the crimes occurred, his attorney could have reasonably concluded it was

B. STATUTE OF LIMITATIONS

Defendant unavailingly says that his trial attorney gave him ineffective assistance when the attorney did not argue that the statute of limitations in MCL 767.24(3)(a) required a directed verdict on defendant's CSC III conviction. What defendant fails to acknowledge is that, after closing arguments, the trial court, on its own accord, explicitly considered whether the statute of limitations barred the various counts of CSC III with which defendant was charged.

The trial court properly concluded that, because there was uncertainty on *when* defendant performed the sex act that constituted CSC III, the timing of the molestation was a question of fact to be submitted to the jury. See *People v Artman*, 218 Mich App 236, 239; 553 NW2d 673 (1996). Because this issue was a question of fact, defendant's trial attorney cannot be held ineffective for failure to make a futile motion for a directed verdict on the matter. *Ericksen*, 288 Mich App at 201. Moreover, when it found defendant guilty of committing CSC III, the jury implicitly found that he had committed CSC III during a time period within the statute of limitations. We refuse to adopt factual inferences on appeal that were rejected by a jury after a trial. *People v Hardiman*, 466 Mich 417, 431; 646 NW2d 158 (2002).

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola

---

unwise to cross-examine defendant's daughter about defendant's whereabouts in 2001. Defendant's daughter was a hostile witness, and cross-examining her about the specific timeline of defendant's location could have given her an opportunity to *deny* that defendant lived in Pennsylvania in 2001, which would have undermined his credibility. In any event, as noted, the issue of defendant's residency in Pennsylvania is simply inconsequential because, by defendant's own admission, it does not demonstrate that he was not in Michigan at the time the crimes at issue took place. Again, counsel cannot be held ineffective for failure to raise this irrelevant and meritless issue. *Ericksen*, 288 Mich App at 201.