# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LLOYD WEST,

        Defendant-Appellant.

UNPUBLISHED
March 15, 2016

No. 324458
Wayne Circuit Court
LC No. 14-002202-FJ

Before: SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of armed robbery, MCL 750.529, two counts of felonious assault, MCL 750.82, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 15 to 30 years' imprisonment for armed robbery, two to four years' imprisonment for each felonious assault conviction, three to five years' imprisonment for carrying a concealed weapon, and two years' imprisonment for felony-firearm. Defendant now appeals by right. We affirm.

Defendant first argues that two shotguns and various pieces of personal identification were improperly admitted at trial. As a result, defendant argues that his convictions should be reversed. We disagree.

"This Court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A trial court necessarily abuses its discretion when the court permits the introduction of evidence that is inadmissible as a matter of law." *Dobek*, 274 Mich App at 93. Ultimately, "[a]n error in the admission or exclusion of evidence will not warrant reversal unless refusal to do so appears inconsistent with substantial justice or affects a substantial right of the opposing party." *Id*.

Generally, all relevant evidence is admissible at trial, while irrelevant evidence is not. MRE 402; *People v Benton*, 294 Mich App 191, 199; 817 NW2d 599 (2011). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." MRE 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "All relevant evidence is prejudicial; it is only unfairly prejudicial evidence that should be excluded. Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005). In other words, unfair prejudice occurs when the disputed evidence injects considerations extraneous to the merits of the case, such as the jury's bias, sympathy, anger, or shock. *Id*. at 614.

Determinations of whether evidence should be excluded under MRE 403 "are best left to a contemporaneous assessment of the presentation, credibility, and effect of testimony." *People v VanderVliet*, 444 Mich 52, 81; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). "Assessing probative value against prejudicial effect requires a balancing of several factors, including . . . whether the evidence is needlessly cumulative, how directly the evidence tends to prove the fact for which it is offered, how essential the fact sought to be proved is to the case, the potential for confusing or misleading the jury . . . ." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008), citing *People v Oliphant*, 399 Mich 472, 490; 250 NW2d 443 (1976).

Under MRE 404(b), evidence of other wrongful conduct may be admissible "as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material . . . ." As the Michigan Supreme Court has explained, "[e]vidence relevant to a noncharacter purpose is admissible under MRE 404(b) even if it also reflects on a defendant's character. Evidence is inadmissible under this rule only if it is relevant solely to the defendant's character or criminal propensity." *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010).

To admit evidence under MRE 404(b), "the prosecutor must first establish that the evidence is logically relevant to a material fact in the case, as required by MRE 401 and MRE 402, and is not simply evidence of the defendant's character or relevant to his propensity to act in conformance with his character." *Mardlin*, 487 Mich at 615-616. Thus, the prosecution bears the initial burden to show that the proffered evidence is "relevant to a proper purpose under the nonexclusive list in MRE 404(b)(1) or is otherwise probative of a fact other than the defendant's character or criminal propensity." *Id*. "Any undue prejudice that arises because the evidence also unavoidably reflects the defendant's character is then considered under the MRE 403 balancing test." *Id*.

The res gestae of a crime are the facts and circumstances surrounding the commission of the crime. *People v Jackson*, 498 Mich 246, 267; 869 NW2d 253 (2015), citing *People v Delgado*, 404 Mich 76, 83; 273 NW2d 395 (1978). Res gestae evidence is evidence that is "so blended or connected with the crime of which [the] defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime." *People v Sholl*, 453 Mich 730, 742; 556 NW2d 851 (1996). The res gestae of an offense is generally relevant and admissible, *Sholl*, 453 Mich at 741, however the plain language of MRE 404(b) does not contain a "res gestae exception," and our Supreme Court has determined that there is no such exception to MRE 404(b), *Jackson*, 498 Mich at 265. While evidence relating to the facts and circumstances surrounding the commission of the charged crime is potentially admissible, the

admissibility of such evidence is not properly evaluated without reference to MRE 404(b). *Id*. at 269.

Two handguns, two shotguns, a black hooded sweatshirt, and various identifications were recovered from the house where defendant was arrested. Defense counsel requested the suppression of the various identifications because at defendant's first trial a police officer "testified . . . and made a – would characterize it as a gratuitous statement that she found or there were several ID's found of people in the house at the Eastwood location of identities of people who had been robbed but had never reported that robbery . . . ." The court determined that in order to avoid implicating defendant in other criminal behavior that had not been charged, the officer would be "permitted to testify insofar as the retrieving of identification cards of individuals, but not give testimony that therefore implies that whoever had those cards had been involved in robberies on other occasions."

The identifications found in the same house as defendant during his arrest also constitute relevant evidence, as they have a tendency of making "any fact that is of consequence to the determination of the action more probable or less probable." MRE 401. Defendant was charged with armed robbery and the larceny element was at issue because no property was actually taken from the victim. The fact that defendant was arrested near various identifications that did not belong to him make it seem more probable that his intention was to rob the victim near the ATM that had been the location of numerous robberies. Thus, it seems the identifications were relevant under MRE 401.

The identifications did not constitute valid res gestae evidence, because they were not "so blended or connected" with the shooting incident and the identifications did not "incidentally involve" "or explain[] the circumstances" of the shooting in this case. *Sholl*, 453 Mich at 742. Nor was the discovery of the identification "an antecedent event from which the [crimes charged] follow[ed] as an effect from a cause." *People v Malone*, 287 Mich App 649, 662; 792 NW2d 7 (2010). However, even though they were not valid res gestae evidence, they were admissible under MRE 404(b). Although the prosecutor did not provide a purpose for offering the identifications, presumably they were intended to show that defendant had previously robbed other people at the same ATM. Given the possible pattern of repeated ATM robberies, the evidence of other ATM robberies was logically relevant to show that the armed robbery of the victim was committed as part of characteristic "scheme, plan, or system in doing an act." MRE 404(b)(1). Therefore, the evidence was admissible for a proper purpose under MRE 404(b)(1).

The admission of the identifications also did not violate MRE 403. Defendant's intent when approaching the victim in the parking lot was an essential fact at issue necessary to prove the larceny element of the armed robbery charge. Because the victim was not actually deprived of any property during the encounter and the assailant did not even verbally demand money from the victim, there was only minimal circumstantial evidence that suggested the assailant had the requisite intent for armed robbery. Thus, the identifications were not needlessly cumulative. Although the identifications apparently involve entirely separate crimes, the risk of unfair prejudice did not substantially outweigh the probative force of the evidence, which connected defendant to the ATM. The record supports that the prosecutor never actually argued to the jury that an aspect of defendant's character, or his alleged participation in different, uncharged

crimes, established his guilt in this case. Thus, the admission of the identifications did not violate MRE 403.

In sum, the identifications discovered in the house where defendant was arrested were relevant to the charged conduct and were thus admissible under MRE 401. Moreover, they were properly admitted under MRE 403 and MRE 404(b).

With respect to the admission of the shotguns, we need not determine if it was error because, even if it was, any error was harmless. Reversal is not required unless, after an examination of the entire case, it appears that it is more probable than not that the error was outcome determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). Whether erroneously admitted evidence requires reversal depends on the nature of the error and its effect in light of the weight of the properly admitted evidence. *People v Phillips*, 469 Mich 390, 397; 666 NW2d 657 (2003). Reversal is required only if the error was prejudicial. *People v McLaughlin*, 258 Mich App 635, 650; 672 NW2d 860 (2003).

Here, the shotguns were mentioned only briefly at trial and there was other sufficient evidence that linked defendant to the charged conduct. Evidence properly admitted at trial showed that the victim identified defendant as the assailant multiple times. Defendant was also arrested at the house that the victim saw the shooter enter after the incident, and where the clothing the shooter wore was discovered. Testimony at trial established that the victim did not have any prior relationship with defendant and that the ATM was alone in the parking lot, leading to the implication that defendant intended to rob the victim when he shot at her. Additionally, two handguns, like the weapon that was used in the charged conduct, were recovered in the house where defendant was arrested and admitted at trial. Thus, defendant has failed to show how, in light of the properly admitted evidence, his guilty verdicts would have been any different if the shotguns had not been admitted at trial. As a result, defendant is not entitled to any relief on this basis.

Next, defendant argues that because there was no actual taking of property and because the shooter did not even verbally communicate with the victim during the incident, there was insufficient evidence to establish an attempted larceny occurred, as required by the armed robbery statute. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

In a criminal case, due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact in concluding that the defendant is guilty beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999); *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). A prosecutor need not negate every reasonable theory of innocence, but must only prove his own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant provides. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000); *People v Chapo*, 283 Mich App 360, 363-364; 770 NW2d 68 (2009).

"Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

> In order to convict a defendant of armed robbery, the prosecution needed to prove that:
>
> (1) the defendant, in *the course of committing a larceny* of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7-8; 742 NW2d 610 (2007) (emphasis added).]

The phrase "in the course of committing a larceny" is statutorily defined as including "acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2). Based on this language, our Supreme Court has held that "an incomplete larceny is now sufficient to sustain a conviction under the [] armed robbery statute[]. *People v Williams*, 491 Mich 164, 172; 814 NW2d 270 (2012).

> "[T]he specific intent necessary to commit larceny is the intent to steal another person's property." *People v Cain*, 238 Mich App 95, 120; 605 NW2d 28 (1999). Because intent may be difficult to prove, only minimal circumstantial evidence is necessary to show a defendant had the requisite intent. *Harverson*, 291 Mich App at 178, citing *People v Strong*, 143 Mich App 442, 452; 372 NW2d 335 (1985).

> Here, the victim testified that defendant approached her van while she was using an ATM that was alone in an empty parking lot. Defendant approached the victim's van with his hands in the pockets of hooded sweatshirt and seemed to act in concert with a man hiding in bushes. As the victim fled the parking lot, she saw defendant with a handgun and heard a gunshot. Testimony at trial established that the victim and defendant had no prior relationship that could have provided an alternative motive for defendant chasing her van with a gun. The victim also testified that defendant fled the scene after the shooting. While the victim was able to leave before defendant could take any property from her, and defendant did not verbally demand any property from the victim, the reasonable inference from defendant's actions is that he intended to steal the victim's money after she used the ATM. See *Unger*, 278 Mich App at 226 (finding that "[e]vidence of flight is admissible to support an inference of consciousness of guilt and the term 'flight' includes such actions as fleeing the scene of the crime.").

> The jury was presented with significant credibility determinations in this case, as there were conflicting aspects of the victim's story. However, in the context of the sufficiency of the evidence, "[a]ll conflicts in the evidence must be resolved in favor of the prosecution and [this Court] will not interfere with the jury's determinations regarding the weight of the evidence and

the credibility of the witnesses." *Unger*, 278 Mich App at 222. The circumstantial evidence gave rise to a reasonable inference that defendant was intending to steal money from the victim after she used the ATM. Moreover, although defendant emphasized his mistaken identity defense, that theory was presented to, and rejected by the jury. Thus, a rational juror could infer that defendant intended to steal money from the victim and possessed a dangerous weapon, the handgun, when he shot it at the victim's van. MCL 750.529. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that an attempted larceny occurred, and therefore, sufficient evidence existed to support the armed robbery conviction.

Last, defendant contends that he was denied the effective assistance of counsel. He claims that defense counsel's performance fell below an objective standard of reasonableness when he failed to present his alibi defense. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant never moved for a new trial or a *Ginther*[1] hearing in the trial court. Thus, this issue is unpreserved. Defendant did file a timely motion to remand for a *Ginther* hearing with this Court concerning his counsel's ineffectiveness for not filing a notice of alibi defense and preparing that theory for trial. However, that motion was denied.[2]

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Generally, the trial court's findings of fact are reviewed for clear error and the questions of constitutional law are reviewed de novo. *Id*. Unpreserved claims of ineffective assistance of counsel can still be reviewed, but review is limited to errors apparent in the record below. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 US at 694.

Effective assistance of counsel is presumed, and the defendant bears a substantial burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). A defendant can overcome the presumption by showing that counsel failed to perform an essential

---

[1] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Lloyd West*, unpublished order of the Court of Appeals, entered January 16, 2015 (Docket No. 324458).

-6-

duty and that failure was prejudicial to the defendant. *People v Reinhardt*, 167 Mich App 584, 591; 423 NW2d 275 (1988), remanded on other grounds 436 Mich 866 (1990). Counsel's strategic judgments are afforded deference, *Wiggins v Smith*, 539 US 510, 521-522, 528; 123 S Ct 2527; 156 L Ed 2d 471 (2003), but strategic choices made after an incomplete investigation are reasonable only to the extent that reasonable professional judgments support the limitation on investigation, *Wiggins*, 539 US at 521-522; *Trakhtenberg*, 493 Mich at 52-55.

Counsel's competence is not to be assessed with the benefit of hindsight. *People v Hill*, 257 Mich App 126, 139; 667 NW2d 78 (2003). Defense counsel's performance is evaluated "from counsel's perspective at the time of the alleged error and in light of the circumstances." *Strickland*, 466 US at 689. The failure to reasonably investigate a case can constitute ineffective assistance of counsel. *Trakhtenberg*, 493 Mich at 51-55. However, defense counsel has extensive discretion on matters of trial strategy. *Heft*, 299 Mich App at 83. Sound trial strategy is one "that is developed in concert with an investigation that is adequately supported by reasonable professional judgments." *People v Grant*, 470 Mich 477, 486-487; 684 NW2d 686 (2004). Decisions on whether to call witnesses are matters of trial strategy. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). A substantial defense is one that might have made a difference in the outcome of the trial. *People v Marshall*, 298 Mich App 607, 612; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013).

Alibi testimony is "testimony offered for the sole purpose of placing the defendant elsewhere than at the scene of the crime." *People v McGinnis*, 402 Mich 343, 345; 262 NW2d 669 (1978) (citation and quotation marks omitted). When an ineffective assistance of counsel claim is premised on defense counsel's failure to present an alibi witness, the defendant must demonstrate that the witness would have given favorable alibi testimony. *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994). Defendant "has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

In support of his claim that defense counsel was ineffective for failing to investigate his alibi defense or call his alibi witnesses at trial, defendant attaches his own affidavit to his Brief on Appeal, in which he states that

> 1. I was at my sister Shatia's house on Kensington with my sister Shatia and my mother Kisha at the time in question. I later walked to my friend Dejon's house on Eastwood where I was arrested.
>
> 2. I was not at the Gratiot ATM and I was not involved in this incident. I tried to tell my lawyer but he would not visit me. During the entire time he only came to see me one time to talk about another matter. [Affidavit of Lloyd West, attached to Defendant's Brief on Appeal.]

Because defendant did not make a record in the trial court about this in connection with a motion for a new trial or an evidentiary hearing, *Hoag*, 460 Mich at 6, it is not a part of the lower court

record. This Court's review is limited to the facts contained on the record, *Heft*, 299 Mich App at 80, and thus, this affidavit cannot be properly considered.

However, even if the affidavit could be properly considered, defense counsel's failure to present defendant's alibi witnesses did not fall below an objective standard of reasonableness. Although defendant submitted this affidavit in which he states that he informed defense counsel of two alibi witnesses, he has not submitted an affidavit from either proposed alibi witness. Absent affidavits supporting the viability of his proffered alibi defense it cannot be determined that counsel unreasonably declined to present defendant's alibi defense to the jury.

Although identification was the main issue at trial, the record also does not demonstrate that counsel failed to investigate defendant's alibi. It is equally possible that counsel interviewed the witnesses and decided not to call them to the stand based on credibility issues or because they did not provide accounts consistent with defendant's version of events. The burden is on defendant to establish the factual predicate for his claim, *Hoag*, 460 Mich at 6, which he has not done. Given that there was no evidentiary hearing on the matter, there are no mistakes apparent on the record with respect to counsel's failure to call defendant's sister and mother as alibi witnesses. Consequently, there is no basis to conclude that defense counsel's performance fell below an objective standard of reasonableness in this case. *Hoag*, 460 Mich at 6.

Affirmed.

/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra